*Decision will be entered for the respondent.*

BENNETT H. DARMER AND MAE DARMER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41934. Promulgated July 16, 1953.

*Bennett H. Darmer*, for the petitioners.
*Frederick T. Carney, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The only question in this case is whether petitioner furnished more than half of his son's support during the calendar year 1949 and is entitled to a dependency credit under section 25 (b) (1) (D) of the Code. Respondent admits that the requisite relationship exists and that the son's total earnings were less than $500 in 1949. Section 25 (b) (1) (D) and (3) (A) of the Code provided for the year 1949, as follows:

SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

(b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—

(1) CREDITS.—There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income:

\* \* \* \* \* \* \*

(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500, \* \* \*

\* \* \* \* \* \* \*

(3) DEFINITION OF DEPENDENT.—As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer:

(A) a son or daughter of the taxpayer, or a descendant of either,

Petitioner furnished the complete support for his son for the first 27 weeks in 1949. But after July 7, 1949, the son enlisted in the Navy and the petitioner thereafter did not furnish him any support. The statutory test for determining half support is measured by the amount of money spent, not the time involved. The applicable regulation is section 29.25-3 (d) (5), Treasury Regulations 111 (T. D. 5687, 1949-1 C. B. 9, 20) which reads as follows:

\* \* \* \* \* \* \*

(d) (5). *Exemptions for dependents.*—Section 25 (b) (1) (D) allows to a taxpayer an exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500, who receives more than one-half of his support from the taxpayer for such calendar year and who does not file a joint return with his spouse. For the purposes of this credit a dependent is a person who is related to the taxpayer within one of the following relationships: child; \* \* \* Whether or not over

half of a person's support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer shall be determined by reference to the amount of expense incurred by the taxpayer for such support. * * *

Petitioner's idea appears to be that since he supported his son more than one-half of the taxable year regardless of the amount expended, he is entitled as a matter of law to the dependency credit which he claims. The statute involves, however, a test of *cost* of support, rather than *time* of support. If time were the test, then it is plain that petitioner would win because he has clearly proved that he was the sole support of his son for a period of more than 6 months during the taxable year, but it is plain that time is not the test. The test is *cost* and when that fact is considered we must hold that petitioner has not proved his case.

We have carefully considered petitioner's case. In our Findings of Fact we have given the amounts of support furnished by the Navy subsequent to James' enlistment therein on July 7, 1949. Petitioner was not able to estimate with any precision the amount of money expended for his son's support. We have considered petitioner's total income for 1949 of $4,243.42, petitioner's expenditures for items having nothing to do with the son's support, as well as petitioner's other family responsibilities. From this evidence it seems clear to us that petitioner did not furnish as much support to James in 1949 as did the Navy. Petitioner has not sustained his burden of proving that he furnished over half the support for his son in question during 1949.

*Decision will be entered for the respondent.*