Forest L. Wendel and Evelyn J. Wendel v. Commissioner.
Forest v. Commissioner
Docket No. 38752.
United States Tax Court
1954 Tax Ct. Memo LEXIS 331; 13 T.C.M. (CCH) 13; T.C.M. (RIA) 54020; January 13, 1954
*331 Thomas L. Brown, Esq., 7017 The Paseo, Kansas City, Mo., for the petitioners. Melvin A. Bruck, Esq., for the respondent. JOHNSON
Memorandum Findings of Fact and Opinion JOHNSON, Judge: This proceeding involves deficiencies in income tax as follows: Year
Deficiency
1947 $191
1948
199
1949
199
1950
208
The issue is whether the petitioners, husband and wife, are entitled to exemptions for two children of the husband. Findings of Fact The stipulated facts are so found. The petitioners, residents of Kansas City. Missouri, are husband and wife. They filed joint returns on Forms W-2 or 1040 for the taxable years with the collector of internal revenue for the sixth district of Missouri. For convenience, the husband will be referred to as the petitioner. The petitioner has three children, two of whom were born during his marriage to Geraldine Wendel, now Geraldine DeMoss, hereinafter referred to as Geraldine. The first child, Jeanne, was born on April 27, 1936, and the second, Forest, on June 25, 1938. Except for a period of about two months in 1944, Geraldine did not live with petitioner after some undisclosed time prior to October 20, 1943, on *332 which date she was married to Edwin M. DeMoss in Juarez, Mexico. Petitioner obtained a divorce from Geraldine by default in Kansas City, Missouri, on December 5, 1944, in connection with which the court awarded him custody of the children. Thereafter Geraldine requested custody of the children and they expressed a desire to live with their mother. Geraldine and DeMoss had another marriage ceremony in Missouri in 1952. On January 8, 1945, petitioner and Geraldine executed an instrument by the terms of which Geraldine was given custody of the children and petitioner agreed to pay to her for their support the amount of $45 a month. All of the support money was paid during the taxable years, except in 1948, when petitioner deducted $1 from the payment made in September to reimburse himself for the cost of a haircut for the boy. Geraldine was represented by counsel in the execution of the agreement. The petitioner gave Geraldine actual custody of the children in April 1945 and they have lived with her at all times since then. No effort has been made by Geraldine to obtain a greater amount from petitioner for the support of the children. Petitioner spent at least $35 each taxable year *333 for birthday and Christmas presents for each child. More than one-half of the support of Jeanne and Forest was received from Geraldine and DeMoss. Opinion The respondent denied petitioners credits for the two children as dependents upon the ground that they had not established that they were their chief support. The difference between them here is whether petitioners or the mother and stepfather furnished more than one-half of the support of each of the two children. The question is factual and the burden of proof was on petitioners. The statutory test is cost of support. Bennett H. Darmer, 20 T.C. 822. (promulgated July 16, 1953). The parties stipulated that petitioner contributed, under the agreement of January 8, 1945, $540 each taxable year except 1948, when petitioner deducted $1 for the cost of a haircut for the boy. The petitioners contend that the amounts so spent, an amount equal to $270 for each child each year, constituted more than one-half of the cost of their support. They admit on brief that undisputed testimony of reliable witnesses establishes that Geraldine and her husband supplied $225.12 for support each year, consisting of heat, light, water, *334 telephone, interest and taxes on the home, and insurance. Such expenditures were established by testimony of DeMoss and his wife, who were subpoenaed by petitioners. They testified to other expenditures made for the support of the children, which we are asked to ignore. Petitioners' burden, as already pointed out, was to establish that they contributed more than one-half of the cost of support. Part of their proof was to establish that others did not contribute a greater amount. Any failure of proof of the cost of admitted items of support tends to operate against rather than in favor of petitioners. Petitioners' fiture for support furnished by others includes no amount for food, clothing, medical expense, amusements, and miscellaneous costs. Expenditures for such items of support were made by Geraldine and her husband. They maintained no records for costs of such support but it is far from proof that nothing was spent by them. They testified, based upon estimates, that they spent $240 per annum for each child for food and $198 for clothing and amounts for other support costs. It may be that some of the costs testified to are excessive, but it is evident that they were sufficient, *335 with the admitted expenses, to exceed the amounts contributed by petitioners. So concluding, it follows that no error was committed by respondent in denying credits for the exemptions. Decision will be entered for the respondent.