Sid Dyer v. Commissioner.
Dyer v. Commissioner
Docket No. 41120.
United States Tax Court
T.C. Memo 1955-168; 1955 Tax Ct. Memo LEXIS 171; 14 T.C.M. (CCH) 642; T.C.M. (RIA) 55168; June 27, 1955
*171 Upon the facts, held, that in the years 1948 and 1949 petitioner contributed more than one-half of the cost of the support of his two children; for the year 1950 he did not contribute more than one-half toward the support of the two children. Sid Dyer, 59 Nassau Road, Great Neck, N. Y., pro se. Robert J. Cowan, Esq., for the respondent. HARRON Supplemental Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax for 1948, 1949, and 1950, in the amounts of $869.91, $669, and $425.55, respectively. The deficiencies are the result of disallowances of various deductions in each year for lack of substantiation, and of two dependency credits. By amendment to his answer, the Commissioner *172 has made claim for increase in the deficiency for 1950, in the amount of $500.24, pursuant to section 272(e) of the Code. The Commissioner has determined in the amendment to his answer that there was realized, in 1950, recognizable long-term capital gain of $4,496.44, of which 50 per cent, $2,248.22, is includible in petitioner's income for 1950. The parties have agreed upon the amounts of allowable deductions in each year, and petitioner's share of long-term capital gain in 1950. The only question remaining for decision is whether petitioner is, in each year, entitled to credits for two dependents under sections 25(b)(1)(D) and 25(b)(3) of the 1939 Code. A Memorandum Findings of Fact and Opinion in this proceeding was filed on June 14, 1954 [13 TCM 536,]. Thereafter, the petitioner moved for further consideration of the question involving his claim for credits for two dependents. The motion was granted. The petitioner presented evidence under the issue to be reconsidered. For convenience, the original Findings of Fact are restated here. Original Findings of Fact The facts which have been stipulated are found accordingly. The stipulation is incorporated herein *173 by this reference. The petitioner resides in Great Neck, Long Island, New York. Individual returns for the taxable years were filed with the collector for the twenty-first district of New York. The petitioner's reported income for 1950 should be increased by the sum of $2,248.22, which amount is his share of taxable long-term capital gain of $8,992.85, realized in 1950 upon the sale of improved real estate located in Great Neck, Long Island, New York, which was owned by petitioner and his former wife, Blanche Dyer, as tenants by the entirety. The computation of the long-term capital gain is as follows: Sales price
$19,500.00
Adjusted basis
9,463.36
Gain
$10,036.64
Expense of sale
1,043.77
Long-term capital gain
$ 8,992.87
50 per cent Recognizable
$ 4,496.43
1/2 taxable to petitioner
$ 2,248.22
The petitioner is entitled to deductions in 1948, 1949, and 1950, for various expenditures, in the total amounts om $3,806.61, $3,729.94, and $623.28, respectively. The schedule attached to the stipulation setting forth the detailed item of expenditures is incorporated herein by reference. These total amounts of allowable deductions are in lieu of all deductions *174 claimed in petitioner's individual returns and amended petition. The petitioner no longer contests the validity of the statutory notice of deficiency issued by the Commissioner which gives rise to this proceeding. Supplemental Findings of Fact On December 13, 1949, the petitioner's marriage to Blanche Dyer was terminated by a divorce. There were two children born of the marriage, Michael, and Suzan. Michael, born in 1939, was about 10 years old at the time of the divorce; and Suzan, born in 1943, was about 6 years old. The petitioner and Blanche ceased to live together in 1946. On December 14, 1946, a decree of legal separation was entered by a New York court having jurisdiction, under which the custody of the two children was given to Blanche, and petitioner was ordered to make payments of $40 per week to Blanche, of which $20 was for her support, and $20 was for the support of the children. There was provided in the divorce decree of December 13, 1949 that petitioner was not required to pay alimony to Blanche, but he was required to make payments of $20 a week for the support of the children. During the taxable years 1948, 1949, and 1950, and thereafter, Blanche was *175 employed at a salary $52of per week, or about $2,704 per year. The following schedules set forth the total amounts which were expended by the petitioner for the support of his two children during each of the years 1948 and 1949: 1948
Child support payments
$1,060
(1/2 of total payments to Blanche
Dyer)
Week end meals
250
(25 week ends at $10 per week end)
Clothing
25
Miscellaneous expenses
50
Doctor bills
10
Total
$1,395
1949
Child support payments
$1,070
(1/2 total check and cash payment di-
rect to Blanche)
Week end meals
250
(25 week ends at $10 per week end)
Clothing
25
Miscellaneous expenses
50
Doctor bills
10
Total
$1,405 During 1950, the petitioner spent the total amount of $460 for the support of the two children, which amount was paid by the petitioner to Blanche. During 1950, the petitioner made no other expenditures for the support of the two children. During the taxable years, Blanche lived in a 3-room apartment in a suburb of New York City, for which she paid all of the rent. Blanche's mother and two children lived in the apartment during the taxable years. Blanche contributed to the support of her mother. During *176 1948, Blanche had income to the extent of her salary and support payments made by the petitioner, plus various gifts made to her by her sisters. During 1949, Blanche had income to the extent of her salary and support payments made by the petitioner, plus a loan of $2,000 made to her by her two sisters. During 1950, Blanche had income to the extent of her salary, plus, at least $2,000 gain which was realized upon the sale of the former residence of the petitioner and Blanche, the property having been held by them as tenants by the entirety, plus the child support payments made by the petitioner. During 1948 and 1949, the two children spent about 25 week ends in each year with petitioner. In 1950, the petitioner saw the children about 10 times. Part of the expenditures of Blanche during the taxable years were partly personal in nature and were partly in support of the two children. Blanche made expenditures for the support of the children, which included expenditures for food, and a share of rent, telephone, gas and electricity charges, which properly are attributable to the expenses of the support of each child. Some of the expenditures of Blanche in 1948 and in 1949 for and on *177 behalf of the two children were for their entertainment and summer vacations. In 1948, and in 1949, the two children attended a summer camp. The cost of sending the two children to a summer camp was $500 in 1948, and $875 in 1949, exclusive of the cost of suitable clothing for the season at the camp. Doctor and dentist bills for the care of the two children were paid in the total amounts of $225 in 1948, and $240 in 1949. Blanche did not keep records of all of her expenditures for the care, support, and welfare of the children in any of the years 1948, 1949, and 1950. She had made estimates of the amounts which she spent in each of the taxable years for the support, care, welfare, and entertainment of the children. The total cost of the support of the two children for 1948 amounted to not more than $2,100; for each of the years 1949 and 1950, it amounted to not more than $2,400. The petitioner contributed more than one-half of the cost of the support of the two children in 1948 and in 1949. His contribution to the support of the two children in each year was $1,395 in 1948, and $1,405 in 1949. The petitioner did not contribute more than one-half of the cost of the support of *178 the two children in 1950. His total contribution to the support of the two children in 1950 was not more than $460. Opinion HARRON, Judge: The Commissioner now agrees that petitioner is entitled to deductions in the taxable years for alimony payments, interest, taxes, legal expense, contributions, and various other expenditures in the total amounts set forth in the Findings of Fact. The only question to be decided is whether the petitioner is entitled to dependency credits for his two minor children in each of the years 1948, 1949, and 1950. The question is one of fact, and the burden of proof is upon the petitioner. In order to be entitled to a dependency credit for each of his children, petitioner must establish that he contributed more than one-half of the cost of the support of each child. Section 25(b) of the Internal Revenue Code of 1939. Bennett H. Darmer, 20 T.C. 822. During each of the years in question, the children lived with their mother, Blanche Petitioner and Blanche, each, testified as to the amounts expended by them for the support of the children. The amounts which petitioner contributed to the support of the children in 1948, 1949, and 1950, *179 $1,395, $1,405, and $460, respectively, are not disputed. Blanche did not keep any record of her household expenses or of the amounts spent by her for the support and welfare of the children. In her testimony, she gave estimates, for each of the years 1948, 1949, and 1950 of her household expenses and of the amounts spent by her for the children for clothing, entertainment, medical and dental expenses, and other items. Her estimates of household expenses, and the portions thereof attributed by her to the children, and of the other expenditures made by her for the children do not constitute proof that the actual cost of the support of each of the children in 1948 and in 1949 amounted to as much as the respondent contends should be found. The petitioner called his former wife, Blanche, as a witness in order to establish through her testimony and such evidence as she could produce the total amounts of the actual cost of the support of the children during 1948, 1949, and 1950. The record shows that Blanche claimed dependency credits for the two children in her income tax returns for 1948, 1949, and 1950. Blanche was not a disinterested witness. Accepting her testimony with respect *180 to the cost of the "support" of the two children for 1948, it does not establish that the cost of support was in such amount that petitioner's contribution thereto was less than one-half. With respect to the year 1949, the evidence does not establish clearly that some of the expenditures which Blanche asserts were made by herself for the children did not represent expenditures of a gift or gifts from her relatives to or for the use of the children. Some of the expenditures in 1949, which Blanche claims were made for "support" of the children, were in the nature of expenditures which would be incurred for things that were beneficial but were not for necessities and which, therefore, in our opinion, were not for the "support" of the children as the term is used in section 25(b). Upon consideration of all of the record, it is concluded and has been found, that the actual cost for the support of the children in 1949 did not exceed $2,400 for the two children. The burden of proof is upon the petitioner. Since the children were living with their mother during the taxable years, it was necessary for the petitioner to call upon his former wife to give evidence of the total cost of the *181 support of the two children in each of the 3 taxable years. It is apparent from the record that the relationship between petitioner and his former wife is strained. Also, each claims dependency credits for the two children in 1948, 1949, and 1950. Under all of the circumstances, the petitioner was confronted in this proceeding with a certain amount of difficulty in meeting his burden of proof. Nevertheless, upon careful consideration of all of the evidence, and taking into account conflicting interests of the former spouses, it is our best judgment that the actual cost of the support of the two children in 1948 and in 1949 did not exceed $2,100 and $2,400, respectively. It is concluded that the petitioner has met his burden of proving what was the cost of the childrens' support in 1948 and 1949, as well as the amounts which he spent in each of the years in question for the support of the two children. He spent not more than $1,395 in 1948, and not more than $1,405 in 1949, for the support of the two children. Petitioner contends that he spent $87.50 more in each year, but we do not regard these items of expenses as part of the cost of the support of the children. The item in question *182 represented petitioner's expenditures for carfare and transportation, chiefly his own, in connection with his visits with the children. Such expenditures were his personal expenditures. It is concluded and has been found that petitioner spent for the support of the two children in 1948 and 1949, $1,395 and $1,405, respectively. Since his expenditures were more than one-half of the cost of the support of the two children he is entitled to two dependency credits in each of the years 1948 and 1949. With respect to the year 1950, the petitioner has failed to meet his burden of proof. In 1950, he expended no more than $460 for the support of the two children. The evidence relating to the total cost of their support in 1950 is not wholly satisfactory, but it is our best judgment that it amounted to $2,400, and, therefore, the petitioner did not contribute more than one-half for the support of the children in 1950. His claim for two dependency credits in that year is denied. Other issues raised by the pleadings have been settled under a stipulation which was filed and which is part of the record. Under the stipulation, the petitioner will receive deductions in each of the taxable years *183 for various expenditures. Decision will be entered under Rule 50.