Thomas W. and Myrtle M. Otis v. Commissioner.
Otis v. Commissioner
Docket No. 59677.
United States Tax Court
T.C. Memo 1957-67; 1957 Tax Ct. Memo LEXIS 181; 16 T.C.M. (CCH) 290; T.C.M. (RIA) 57067; April 30, 1957
*181 Items of alleged expenses disallowed for lack of substantiation. Malcolm E. Rosser, Esq., for the petitioners. T. W. Sommer, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined a deficiency of $257.37 in petitioners' income tax for the year 1954. The return for the taxable year was filed with the district director of internal revenue at Oklahoma City, Oklahoma. The petitioners took deductions for three items of alleged expense, - (1) the amount of $441 for cost of meals eaten at their place of employment, (2) the amount of $86 alleged to be the cost of a health and accident policy, and (3) the alleged dependency of a grandson, all of which items respondent disallowed for lack of substantiation. Petitioner Thomas W. was employed as a guard and his wife Myrtle M., as a check inspector at the plant of the Corning Glass Works in Muskogee, Oklahoma, during the year 1954. They worked 8 hours in straight shifts and took their meals with them or had them sent in. They ate their meals on the plant property and were not reimbursed for the cost of same. The record shows little else as to the first item. The amount of the *182 expense, if otherwise allowable, was not adequately substantiated. Moreover, it is purely a personal expense, not allowable as a business expense deduction unless incident to a travel status away from home in pursuit of a trade or business. The item is not allowable. Fred Marion Osteen, 14 T.C. 1261. In their return petitioners claimed $86 as a medical expense deduction for a health and accident policy premium. The record before the Court fails entirely to establish this item. Respondent's action is affirmed. The third item involves a claim for the dependency of petitioners' grandson. The record shows that the child lived with petitioners for 7 months during the taxable year and with his father for 5 months. It shows further that the father expended $50 per month for the child's care during a period of 5 months. It shows nothing as to the amount of the expense sustained by petitioners. The test of a dependency credit is not the amount of time but the amount of money spent in the alleged support. Bennett H. Darmer, 20 T.C. 822. The statute provides that a "dependent" means one of certain related individuals "over half of whose support, for the calendar *183 year" is received from the taxpayer. This item must be disallowed for lack of substantiation. Decision will be entered under Rule 50.