Derald Wright and Ruth Wright v. Commissioner.
Wright v. Commissioner
Docket No. 84386.
United States Tax Court
T.C. Memo 1960-271; 1960 Tax Ct. Memo LEXIS 19; 19 T.C.M. (CCH) 1516; T.C.M. (RIA) 60271; December 16, 1960
*19 Held: On the facts presented, petitioners have failed to establish they furnished more than one-half the support of their son, James F. Wright, during the year 1957, and accordingly are not entitled to a dependency exemption for him for that year. C. J. Lambert, Esq., Box 344, Sigourney, Iowa, for the petitioners. Frank C. Conley, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined a deficiency in income tax of the petitioners *20 for the calendar year 1957 in the amount of $120. The sole issue is whether petitioners furnished more than one-half of the total support of their son, James F. Wright, for the taxable year 1957. Findings of Fact Petitioners Derald Wright and Ruth S. Wright are husband and wife, with residence during the taxable year 1957 at Webster, Keokuk County, Iowa. They filed a timely joint income tax return for the calendar year 1957 on Form 1040-A with the district director of internal revenue for the district of Iowa. On their return, petitioners claimed an exemption, among others, for James F. Wright, the son of petitioner Ruth S. Wright and the stepson of petitioner Derald Wright, born December 16, 1939. This exemption was disallowed by respondent. Derald was employed as a janitor by the English Valleys Community High School District on an annual basis, and Ruth was employed by the same school as a cook on a nine-months a year basis. They reported a joint gross income of $3,549.02 for the year 1957. From January 1, 1957 until June 1, 1957, James F. Wright lived with petitioners and was supported by them. Petitioners kept no records of the actual cost of the support of James during *21 this period, but estimated that there had been expended for such support the total amount of $828.70, itemized as follows: James' share of house expense, including
rental, meals, electricity, water and
fuel
$358.50
James' clothing, including slacks, shirts,
underwear, socks, a suit and two pairs
of shoes
212.45
Shaving and toilet kit
15.00
School notebooks, pencils and paper
10.00
High school graduation, including pic-
tures, announcements, and cap and
gown rental
40.50
Nine haircuts
11.25
Spending money
98.00
James' use of the family car in which
parents furnished gasoline
66.00
Increased automobile insurance pre-
miums due to James' age
17.00
Total
$828.70
James graduated from high school at the end of May, 1957. On May 31, 1957, he enlisted in the United States Army. On June 3, 1957, he was inducted into the Army and remained in the Army through the remainder of 1957. He returned to the home of petitioners on leave from the Army on two occasions in 1957. His stay at home during these leaves totaled approximately 30 days, and during this stay he ate and slept at home, used the family car and wore civilian clothes which had been furnished *22 by petitioners. While serving as an enlisted man in the Army from June 3, 1957 until the end of 1957, James drew a salary of $78 per month for approximately four months and $83.20 per month for three months, making a total of approximately $561.60 received by him as salary from the Army in 1957. In addition to salary, the Army furnished James with housing, clothing and food. The approximate or estimated monetary value of housing furnished an enlisted man in the Army in 1957 for a one-year period was $700. Opinion The only question presented for our determination is whether petitioners furnished over half the support of their son, James F. Wright, during the calendar year 1957 so as to entitle them to a dependency exemption therefor under sections 151(e) and 152(a) of the Internal Revenue Code of 1954. Section 151(e)(1)(B) provides for a $600 deduction in the computation of the taxable income of an individual for each dependent child of the taxpayer who has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins. The term "child" is defined to include a son or stepson. Section 152(a) defines a dependent *23 as follows: SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, (2) A stepson or stepdaughter of the taxpayer, * * *
It is clear that James, who did not become 18 years of age until December 16, 1957, comes within the permitted class of dependents. The burden is upon the petitioners, however, to establish that they furnished more than one-half the support of James during the taxable year. In order to do so they must show not only the amount of support they furnished but also the total amount of support James received during the taxable year. In James H. Fitzner, 31 T.C. 1252, this Court said: The statute defines a dependent as any one of certain enumerated individuals, over half of whose total support was supplied by the taxpayer during the taxable year under consideration. Thus, in order for petitioner *24 to prevail, he must establish not only what amount he contributed toward the support of his three children during 1955, but must also show that the amount was in excess of one-half the total support of those children for that year. Inasmuch as petitioner has failed to establish the total support contributed for the taxable year, i.e., the amounts contributed by him plus the amounts contributed by the Ruckers, he has failed to meet the burden of proof, and his position cannot be sustained. The test is one of cost of support rather than time or duration of support. Bennett H. Darmer, 20 T.C. 822. Petitioners have manifestly failed to sustain their burden of establishing that they furnished more than half the total support of their son James for the calendar year 1957. Assuming as correct petitioners' estimate of $828.70 as the cost of the support furnished by them during the year 1957, they have not shown the total cost of the support of James for the calendar year. Ruth, the mother of James and the only witness presented by petitioners admittedly did not know the cost of the food, clothing, or housing furnished James by the Army during the seven months of 1957 he was *25 in the Army. While respondent offered the testimony of an Army sergeant as to the amount of salary paid an enlisted man by the Army and the approximate cost of housing furnished by the Army, this did not relieve petitioners of their burden of establishing that they furnished one-half the total support of James. No evidence whatever was offered as to the cost of food and clothing furnished by the Army, or as to the amount of necessary incidentals which James himself presumably paid out of his Army pay. On the record presented, we hold that petitioners have failed to establish that they furnished "over half" the support of their son James for the calendar year 1957 and consequently are not entitled to the dependency exemption claimed. Respondent's determination is sustained. Decision will be entered for the respondent.