Harry C. Faust v. Commissioner.
Faust v. Commissioner
Docket No. 86921.
United States Tax Court
T.C. Memo 1961-206; 1961 Tax Ct. Memo LEXIS 143; 20 T.C.M. (CCH) 1035; T.C.M. (RIA) 61206; July 13, 1961
*143 Held, petitioner provided more than half the support of his three minor children in the year 1955 and is entitled to dependency exemptions under the provisions of sections 151(e) and 152(a), I.R.C. 1954. Marcus M. Knotts, Esq., for the petitioner. L. Justin Goldner, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: This proceeding involves a deficiency in Federal income tax for the year 1955 in the amount of $386. Petitioner *144 has conceded that he is not entitled to an exemption for his former wife, Anna M. Faust, for the year 1955. The sole issue remaining is whether petitioner is entitled to dependency exemptions for his three minor children for the year 1955. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. During the year 1955 petitioner was a resident of Sunbury, Pennsylvania, and filed a timely individual Federal income tax return for that year with the district director of internal revenue, Scranton, Pennsylvania. Petitioner was married to Anna M. Faust on November 7, 1942. Four children were born of this marriage: Harry Frederick (October 31, 1944), Gloria Jean (March 5, 1946), Grover Allen (May 23, 1948), and Keith Bradley, born February 28, 1956, subsequent to the year in issue. During the year 1955 petitioner was employed as a patrolman by the Sunbury Police Department at an annual salary of $2,820 payable on the first and fifteenth day of each month. His "take home" pay was approximately $94 each pay day. Prior to their separation petitioner turned his pay checks over to his wife who used them to pay the household bills and for the support *145 of the entire family including their three minor children. On June 21, 1955, petitioner was locked out of his home by Anna and thereafter lived separate and apart from his wife and children. After their separation petitioner continued to give his pay checks to his wife until and including August 1, 1955. The total amount of the pay checks which petitioner turned over to his wife from and including January 1 to August 1, 1955, was approximately $1,410. On August 30, 1955, the Court of Quarter Sessions of the County of Northumberland, Pennsylvania, entered an order, pursuant to agreement of the parties, directing petitioner to pay Anna the sum of $173.34 per month in semi-monthly payments of $86.67 beginning August 15, 1955 "for and toward the support of his wife and three minor children." Pursuant to this order and as directed therein, petitioner paid a total of $693.36 in 1955 to the Domestic Relations Office in Sunbury, Pennsylvania. Prior to their separation, petitioner and his family resided at 533 Edison Avenue. The three children - Harry, Gloria and Grover - were cared for by Anna and continued to reside with her in the same leased premises during 1955. After their separation, *146 petitioner resided in a house located at 319 South Second Street which was owned by his parents and for which he paid no rent. He obtained his meals at his mother's or grandmother's or at restaurants which did not charge him for them. Anna filed a separate Federal income tax return (Form 1040) for the year 1955 on which she claimed exemptions for herself and three minor children and reported adjusted gross income in the total amount of $1,504.19 from the following sources: Support for household from husband
$606.69 *
Sunbury Wire Rope Mfg. Co.
897.50
Income taxes in the amount of $68.40 were withheld from the salary or wages which she received from the Sunbury Wire Rope Mfg. Co. [1]
During 1955, *147 pursuant to an application made May 14, 1955, Anna also received unemployment compensation benefits from the Pennsylvania Bureau of Employment Security in the amount of $27 per week for 30 consecutive weeks ending from May 27, 1955, to December 16, 1955, or a total of $810. On June 1, 1955, petitioner purchased furniture in the total amount of $766.90, payable in monthly installments of $20. Anna made payments on this furniture from money furnished by her husband as follows: June 1, 1955 $25
June 16, 1955
50
August 17, 1955
10
September 26, 1955
10
November 21, 1955
10
January 4, 1956
10
During the period of Anna's employment by the Sunbury Wire Rope Mfg. Co., $10 per week was paid for the care of her children while she was working. Petitioner's marriage to Anna was terminated by a judgment of divorce on January 12, 1961. On the income tax return filed by him for for the year 1955, in addition to exemptions for himself and wife, petitioner claimed dependency exemptions for his three minor children - Harry, Grover and Gloria. Respondent disallowed the exemptions claimed for Anna and the three minor children. As previously indicated herein, petitioner *148 concedes he is not entitled to the exemption claimed for his wife. Petitioner furnished more than one-half the support of his three minor children during the year 1955. Opinion The only question presented is whether petitioner is entitled to dependency exemptions for each of his three minor children - Harry, Gloria and Grover - for the year 1955, under the provisions of section 151(e) of the Internal Revenue Code of 1954. To be entitled to such exemptions petitioner has the burden of establishing that he furnished more than one-half of the support of said children. Section 152(a), Internal Revenue Code of 1954. The burden placed upon the petitioner in cases of this character is a difficult one, particularly where, as here, the petitioner had little or no contact with his wife or children, who were in the custody of his wife, during more than half of the year and no records are available to show precisely the amounts expended for the food, clothing, lodging, medical care, education or other expenses of the children. We recognize that the statutory test is one of cost of support rather than time of support, Bennett H. Darmer, 20 T.C. 822, *149 and that the question is not whether he furnished more than his wife. Nevertheless, both these factors may be taken into consideration for the purpose of determining whether petitioner furnished more than one-half the total support of the children for the entire year. Cf. Bennett H. Darmer, supra. Here, petitioner turned over his entire earnings as a city patrolman, after payroll deductions, or about $94 semimonthly, to his wife to be used by her to pay household bills and for the support of the entire family, for a period of 7 1/2 months. These payments totaled $1,410. Petitioner did not reside with his family and therefore no part of the amount furnished by him was used for his benefit after June 21, 1955. During this same period his wife received as wages or unemployment compensation benefits the total amount of $1,153.10 ($897.50 minus $68.40 taxes, plus $324 ( $27 per week for 12 weeks)). To be sure, the record does not show what proportion of either the husband's or the wife's income was used for the support of the children. Considering their circumstances, however, it is reasonable to assume the same proportion with respect to both whether it be on a per capital *150 or some other percentage basis. It is clearly apparent, therefore, that petitioner furnished more than one-half the support of the three children during at least the first 7 1/2 months of the year. During the remaining 4 1/2 months of the year, pursuant to the support order of the Court, petitioner furnished his wife a total of $693.36 to be used for the support of herself and the three children. During this period the wife received a total of $486 ( $27 per week for 18 weeks) in unemployment compensation benefits. Again, the record does not show the proportion of the amount furnished by the husband or the proportion of the amount which the wife received as unemployment compensation benefits which was used for the support of the children. Again, however, it is reasonable to assume the same proportion with respect to each and to conclude that petitioner furnished more than one-half the support of the three children during the last 4 1/2 months of the year. The same result would be reached whether we consider the year as a whole or by periods. Notwithstanding the absence of greater detail with respect to the support furnished the children, considering all the facts and circumstances *151 shown by the record, we are satisfied, and have found as a fact, that petitioner furnished more than one-half the support of his three minor children - Harry, Gloria and Grover - during the taxable year. Accordingly, we hold that he is entitled to a dependency exemption for each of said children for the year 1955. Decision will be entered under Rule 50. Footnotes
*. The difference between this amount and the amount of $693.36 which was stipulated as paid pursuant to the support order is not explained.↩
1. Form W-2, which was required to be attached thereto and which presumably would show the exact amount paid Anna by her employer after all deductions, was not with the exhibit which was filed by respondent (Resp. Ex. B), nor was any copy of Form W-2 included with petitioner's return (Resp. Ex. G) filed by respondent.↩