ERNEST WALTON HORNE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1543–68.    Filed June 30, 1969.

Ernest Walton Horne, pro se.
*Charles B. Sklar*, for respondent.

OPINION

Section 151 of the Internal Revenue Code of 1954 provides that in the case of an individual there shall be allowed as a deduction an exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600 or who is a child of the taxpayer who has not attained the age of 19 or who is a student.[1] Section 152(a) defines the term "dependent" as including a son of the taxpayer over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer.[2]

The respondent's determination that the claimed exemption is not allowable is presumed to be correct and the petitioner has the burden of proving it wrong. See *Welch* v. *Helvering*, 290 U.S. 111, and *Bernard C. Rivers*, 33 T.C. 935.

The petitioner points out that the word "support" as used in section 152(a) is not defined and therefore contends that it must be considered as having been used in its ordinary sense which he contends includes only the items necessary to maintain life, namely, food, shelter, and clothing, and possibly medical attention. It is his position that such term does not include education. The petitioner further points out that the statute requires that the person claiming the exemption must have provided more than half of the dependent's support, and not more than half of the cost of such support. He thus in effect questions the validity of section 1.152–1(a)(2)(i) of the Income Tax

---

[1] Sec. 151(e)(1) provides for the exemption, as follows:

(1) IN GENERAL.—An exemption of $600 for each dependent (as defined in section 152)—

(A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or

(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student.

[2] Sec. 152 provides in part as follows:

(a) GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *

(1) A son or daughter of the taxpayer, or a descendant of either,

*   *   *   *   *   *   *

(d) SPECIAL SUPPORT TEST IN CASE OF STUDENTS.—For purposes of subsection (a), in the case of any individual who is—

(1) a son, stepson, daughter, or stepdaughter of the taxpayer (within the meaning of this section), and

(2) a student (within the meaning of section 151(e)(4)),

amounts received as scholarships for study at an educational institution (as defined in section 151(e)(4)) shall not be taken into account in determining whether such individual received more than half of his support from the taxpayer.

Regs.[3] in providing that education is to be considered as a part of support and in providing that generally the amount of an item of support will be the amount of expense incurred or, if the item of support is in the form of property or lodging, its fair market value.

The petitioner points out that for about 28 weeks of the taxable year 1965 he furnished his son all his meals, laundry services, and a private room with full access to all facilities of the petitioner's home (that in fact the room was available to the son for the full 52 weeks), and that for the full year he furnished all his clothing and all medical expenses, whereas all the support which the son himself furnished was meals and lodging and laundry services for only about 24 weeks of that year.

The petitioner therefore contends that it should be considered that he furnished more than one-half of his son's support during the taxable year. He concedes that he may well have spent less money than his son but states that nevertheless he furnished considerably more support. He states that cost is an equitable measure of support only if all parties concerned purchase support at the same level of trade, as at wholesale or retail. He argues that the son, being transient at the time of supporting himself, was forced to purchase his support at retail, whereas he, the petitioner, in furnishing support, made purchases at the lowest possible cost commensurate with quality. He testified in effect that the type or quality of room and board which he furnished his son was approximately equal to that which the son paid for while away from Atlanta.

Under the Internal Revenue Code of 1939, sec. 25, no exemption was permitted if the claimed dependent had gross income of $600 or more. Section 151(e)(1)(B) of the Internal Revenue Code of 1954 for the first time provided for such an exemption even though the claimed dependent had gross income of $600 or more if the claimed dependent was a child of the taxpayer and had not attained the age of 19 or, irrespective of age, if the child was a student. It is to be further noted that section 152(d) sets forth a "Special Support Test in Case of Students," which provides, that in the case of any individual who is a son, stepson, daughter, or stepdaughter of the taxpayer and who is a student, amounts received as scholarships shall

---

[3] Sec. 1.152–1 (a) (2) provides:

(2) (i) For purposes of determining whether or not an individual received, for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied. The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value.

(ii) In computing the amount which is contributed for the support of an individual, there must be included any amount which is contributed by such individual for his own support * * *

not be taken into account in determining whether such individual received more than half of his support from the taxpayer. To us, these enactments indicate that Congress intended that education should be considered as an item of support. But for this specific enactment of section 152(d) it seems clear that amounts received as scholarships would be taken into account in determining the total support of the claimed dependent. It logically follows that any amounts expended by either the taxpayer or the claimed dependent for education are to be considered as a part of such claimed dependent's total support.

This conclusion is, we think, supported by the statements made in the congressional committee reports with respect to the enactment of sections 151(e)(1)(B) and 152(d) of the Internal Revenue Code of 1954.[4]

We think section 1.152–1(a)(2) of the regulations correctly includes education as an item of support. It is well established that Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes, and that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons. *Commissioner* v. *South Texas Lumber Co.*, 333 U.S. 496, and *Brewster* v. *Gage*, 280 U.S. 327, and cases therein cited. The regulations are not unreasonable or plainly inconsistent with the Internal Revenue Code in providing that the term "support" includes education. In addition, we have heretofore held that amounts paid for education at parochial schools constitute amounts spent for support. See *Bernard C. Rivers*, *supra*, and *Martha J. Blyth*, 21 T.C. 275.

---

[4] In S. Rept. No. 1622, 83d Cong., 2d Sess., p. 20, it is stated in part:

"Under existing law a $600 exemption may be taken for a dependent only if he has gross income of less than $600. Thus, if a child helps to pay his way through school by securing part-time employment, the parent is denied a dependency exemption if the child happens to earn more than $600. Not only does this represent a hardship to parents who provide most of the support for their children, although the latter earns slightly over $600, but it also represents an inducement for the child to stop work just before his earnings reach the $600 level.

\* \* \* \* \* \* \*

"The House and your committee's bill modify the support test in two respects. It is provided that in the case of children of the taxpayer who are students, any scholarships they receive for study at an educational institution are to be ignored in applying the support test. This is believed to be desirable since a taxpayer who is sending his child through college, even with the help of a scholarship, is likely to be incurring more expenses for the child than is true in the case of taxpayers with dependents not in college."

The following appears at p. 195:

"Subsection (d) contains a new provision for special support test where a dependent child (son, daughter, or stepchild as defined in subsection (b)(2)) is a student as defined in section 151(e)(4) (an individual who is a full-time student at an educational institution during each of 5 calendar months during the calendar year in which the taxable year of the taxpayer begins) at an educational institution as defined in section 151(e)(4) (a school maintaining a regular faculty and an established curriculum and having an organized body of students in attendance). Amounts received as scholarships (from whatever source derived and however paid), for study at such an educational institution shall not be considered in computing whether the taxpayer furnishes one-half the support of such child. For example: A has a child C who receives a $1,000 scholarship to X College for 1 year. A contributes $500 toward the child's support at college and C has no income of his own. A may claim C as a dependent as the $1,000 scholarship is not counted in determining the support of C." \* \* \*

It is our conclusion that the items of education (tuition and books) which the son himself furnished must be included in determining his overall support for the year 1965. When such item is taken into consideration, along with the support which the son furnished for himself in the form of room and board and laundry service while away from Atlanta, it cannot be concluded that the petitioner has shown that he furnished more than half of his son's support for that year, even under petitioner's proposed method of comparing the amount of support furnished by him with the amount furnished by the son. In view of this conclusion, it is unnecessary to express any opinion with regard to the petitioner's basic contention that the amount of support furnished is not to be measured by the cost of the items of support.

It may be added that there has been no proof adduced which would permit us to determine, in accordance with the provisions of the regulations, the amount of support furnished by either the petitioner or his son, inasmuch as there is no evidence as to amounts expended by either (except for a $70 dental bill paid by petitioner on account of his son) or as to the fair market value of the lodging or any property furnished by the petitioner.

In view of the foregoing, the respondent's disallowance of the claimed dependency exemption is approved.

*Decision will be entered for the respondent.*