C. L. Lewis v. Commissioner.
Lewis v. Commissioner
Docket No. 638-69-SC.
United States Tax Court
T.C. Memo 1969-262; 1969 Tax Ct. Memo LEXIS 29; 28 T.C.M. (CCH) 1344; T.C.M. (RIA) 69262; December 9, 1969, Filed C. L. Lewis, pro se, 1903 Southridge Dr., Arlington, Tex. John W. Dierker, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioner's income tax for 1966 in the amount of $449. The only issue presented for decision is whether petitioner furnished more than half of the support of each of her four children during 1966. Findings of Fact Petitioner was a legal resident of Arlington, Texas, at the time she filed her petition. She filed her individual income tax return for 1966 with the district director of internal revenue, Dallas, Texas. *30 Nancy, Maurie, Maurice, Jr., and Marsha are the children of petitioner and her former husband, Maurice Lewis (hereinafter referred to as Lewis). Petitioner was divorced from Lewis sometime prior to 1966. The divorce decree directed Lewis to make monthly support payments of $62.50 for each child during the period the child lived with petitioner and was under 18 years of age. Pursuant to the divorce decree, Lewis contributed a total of $2,400 in 1966 to the support of the four children. None of the children had attained the age of 19 years as of December 31, 1966. The children had no gross income during 1966 and did not contribute to their own support. Petitioner was employed by National Chem Search Corporation as a file clerk and received a total salary during 1966 of $3,706.93, from which taxes of $408.53 were withheld, leaving her with net spendable income of $3,298.40. She used the full amount of her income, including the amounts contributed by Lewis, for the support of herself and her children. Petitioner and her children lived in a house for which she paid the following rent and utilities: Rent
$912
Electricity
138
Gas
82
Water
75
Telephone
79 In *31 addition, petitioner bought the food and clothing required for the family. Petitioner's mother bought clothes for her and gave her money which she used to cover some of the school expenses incurred for the children. Petitioner arranged to buy clothing and other items for the children at a wholesale discount. Petitioner owned a 1960 Chevrolet automobile, which she 1345 used to provide transportation for herself and her children. Nancy was graduated from high school in June 1966, and her school activities and graduation exercises entailed special expenses - paid for by petitioner - including $18.95 for a class ring, $25 for invitations to the graduation program, $10 for a gown, and $5 for the rental of a cap and gown. Nancy moved from petitioner's home in July and lived with a neighbor until she entered Texas Women's University (hereinafter TWU) for the fall semester. Upon her graduation from high school, Nancy had received a scholarship at TWU; to further defray her college expenses, she and petitioner cosigned a note for a loan of additional funds. Lewis did not obligate himself in any way on this loan and contributed nothing to pay Nancy's college expenses. Lewis ceased making *32 support payments to petitioner on behalf of Nancy as soon as she reached 18 years of age on June 11, 1966. Maurie lived with petitioner until August 1966 (except for a brief visit with her father in June and July), when she left and went to live with Lewis, who had remarried and was living in Houston, Texas. Thereafter, Maurie's living expenses - food, shelter, clothing, medical care, and entertainment - were provided by her father, and he made no further support payments to petitioner on behalf of Maurie. The rental value of the residence in which Lewis lived during 1966 with his wife, two stepchildren, and Maurie approximated $175 per month. His costs for utilities in 1966 amounted to $203.64 for electricity, $114.24 for gas, $41.26 for water, and $55.44 for telephone; the family's food bills were approximately $100 per month. After Maurie came to live with him he bought her clothing, paid about $100 to get her started in school, gave her an allowance of $2 per week, and made an outlay of $12.73 per month for a group hospitalization insurance policy covering the entire family. Maurice, Jr., and Marsha lived with petitioner during the entire year 1966. She provided them with *33 food, clothing, housing, medical care, and other necessities, including money to cover their school expenses, from her salary, funds given to her by her mother, and the $62.50 per month furnished by Lewis for each of them. Lewis talked with the children by telephone two or three times each month. He bought each of them a transistor radio for Christmas and gave each a birthday present which cost about $10. Ultimate Findings of Fact During 1966 petitioner provided over half of the support for three of her children, Nancy, Maurice, Jr., and Marsha. She did not provide over half of the support of Maurie. Opinion To qualify for the claimed dependency exemption deductions, petitioner had the burden of proving, under sections 151 and 152 of the Internal Revenue Code of 1954, that she provided over half of the support of each child during 1966. She has failed to carry her burden as to Maurie but has made the requisite showing as to the other three children, Nancy, Maurice, Jr., and Marsha. Since Maurice lived with Lewis almost six months of the year, and Lewis contributed $62.50 per month to her support during the remainder, the record is quite clear that *34 Maurie does not qualify as petitioner's dependent. Respondent showed beyond question that Lewis contributed more than petitioner to Maurie's support in 1966. In evaluating Nancy's status, we must bear in mind that all expenditures incurred for her education, both in high school and at TWU, are part of the cost of her support. Sec. 1.152-1(a)(2)(i), Income Tax Regs.; Ernest Walton Horne, 52 T.C. 572 (1969), on appeal (C.A. 5, Nov. 5, 1969). The amounts which she received as a scholarship, however, are not given consideration at all. Sec. 1.152-1(c), Income Tax Regs. Under these rules - taking into account especially the extra expenses for Nancy's last year in high school and her costs at TWU, including the school loan for which petitioner cosigned [1] - it is clear that petitioner provided more than half of Nancy's support. Maurice, Jr., and Marsha lived with petitioner during the entire year. The $62.50 per month provided for *35 each of them by Lewis approximated the per capita amount available for the family from petitioner's salary when all four children were at home. However, after Nancy departed for college and Maurice moved to Houston, the amount 1346 available from petitioner's salary for the support of Maurice, Jr., and Marsha increased. Their fractional share of housing and utilities costs alone thereafter approximated one-half of the sum provided by their father. In addition to her own salary which was completely consumed in supporting the family, petitioner's mother gave her moneys which she was free to use, and did use, to cover part of the school expense of these two children. We think petitioner provided more than half of their support during 1966. Decision will be entered under Rule 50. Footnotes
1. An item of support is taken into consideration in the year in which it is furnished, even though it is paid for in a later year. Rose D. Seraydar, 50 T.C. 756, 761↩ (1968).