PHILIP J. McCAULEY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4425–69SC. Filed April 12, 1971.

Philip J. McCauley, pro se.
*Ralph V. Bradbury, Jr.*, for the respondent.

FEATHERSTON, *Judge:* Respondent determined a deficiency in petitioner's Federal income tax for 1966 in the amount of $747.79. Concessions have been made by both parties, and the only issue presented for decision is whether, within the meaning of section 152,[1] petitioner furnished over half of the support of his daughter during 1966.

### FINDINGS OF FACT

Philip J. McCauley was a legal resident of El Paso, Tex., at the time he filed his petition. He filed his Federal income tax return with the district director of internal revenue, Austin, Tex.

During 1966, petitioner's daughter, Nancy McCauley (hereinafter Nancy), was a student at Cornell University. At no time during that year did she reside with petitioner, and the only support she received from him was $600 in cash and some clothes.

Nancy received two scholarships from Cornell University; one, in the amount of $2,000, was for the fall semester in 1965 and spring semester in 1966; the other, in the amount of $400, was for the fall semester in 1966 and spring semester in 1967. During the school terms as well as the summer months of 1966, she worked part-time as a file clerk in the school library and was paid 75 cents per hour. In addition, she obtained in that year two student loans of $600 each; petitioner incurred no obligation for the repayment of these loans. Nancy used both the wages from her job and the proceeds of the loans to support herself during 1966.

Respondent determined that petitioner was not entitled to a dependency exemption deduction for Nancy for 1966 because he had not

---

[1] All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue, unless otherwise noted.

shown that he "provided more than one-half of the total cost of the claimed dependent's support."

ULTIMATE FINDING OF FACT

Petitioner did not provide over half of Nancy's support during 1966 and is not entitled to a dependency exemption deduction for her for that year.

OPINION

To be entitled to a dependency exemption deduction for Nancy for 1966, petitioner must establish that he furnished over half of her support during that year. Secs. 151, 152.[2] The regulations provide:

In computing the [total] amount which is contributed for the support of an individual, there must be included any amount which is contributed by such individual for his own support, including income which is ordinarily excludable from gross income, * * *. [Sec. 1.152–1(a)(2)(ii), Income Tax Regs.]

According to petitioner's testimony, Nancy obtained two $600 student loans during 1966 which he was under no obligation to repay. The proceeds of these loans, expended in 1966 by Nancy for her support, constitute amounts "contributed by * * * [her] for * * * [her] own support" within the meaning of the above regulation. Cf. *Rose D. Seraydar*, 50 T.C. 756, 761 (1968); *Ernest Walton Horne*, 52 T.C. 572 (1969). In addition, Nancy received wages from her library job which she used for her support. Although the total amount of Nancy's earnings is not shown by the record, quite obviously, such earnings plus the proceeds of the loans exceeded the $600 furnished by petitioner. In any event, the burden of proof rested with him, Rule 32, Tax Court Rules of Practice, and, to say the least, he has not shown that the $600 which he contributed for Nancy's support exceeded either the loans or her library wages.

Petitioner's principal argument is that Nancy's library wages and student loans should not be considered in determining whether he furnished over half of her support. He points out that the amounts

---

[2] SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS.

(a) ALLOWANCE OF DEDUCTIONS.—In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income.

\* \* \* \* \* \* \*

(e) ADDITIONAL EXEMPTION FOR DEPENDENTS.—

(1) IN GENERAL.—An exemption of $600 for each dependent (as defined in section 152)—

\* \* \* \* \* \* \*

(B) who is a child of the taxpayer and who * * * (ii) is a student.

\* \* \* \* \* \* \*

SEC. 152. DEPENDENT DEFINED.

(a) GENERAL DEFINITION.—For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support * * * was received from the taxpayer * * *:

(1) A * * * daughter of the taxpayer, * * *

50

received under the scholarship are disregarded,[3] and argues that the benefits of the student loans and library job were scholarship-related and, consequently, should also be excluded. We do not agree.

There is no substantial evidence whatever to support a finding that Nancy received the loans only because she was also awarded a scholarship. Many loans are made each year to students who are not also scholarship beneficiaries. And even if there was some relationship between her eligibility for the loans and the scholarship, no sound reason has been advanced to show why, in computing the amount of her total support, the proceeds of these loans should be treated differently from other borrowed funds.

As applied to the library earnings, petitioner's argument is also without merit. The exclusion of amounts received as scholarships from consideration in determining total support is limited by section 1.152-1 (c), Income Tax Regs., quoted in footnote 3 *supra*, to those amounts which constitute scholarships within the meaning of section 1.117-3 (a), Income Tax Regs. Regulations section 1.117-4(c) provides that amounts which represent "compensation for past, present, or future employment services" are not considered scholarships. *Bingler* v. Johnson, 394 U.S. 741 (1969); cf. also *Aloysius J. Proskey*, 51 T.C. 918 (1969). Since Nancy's wages from the library were paid to compensate her for her services, they are not amounts received as scholarships.

We hold that petitioner is not entitled to a dependency exemption deduction for Nancy for 1966.

In order to reflect concessions made by both parties.

*Decisions will be entered under Rule 50.*

---

[3] SEC. 152. DEPENDENT DEFINED.
    (d) SPECIAL SUPPORT TEST IN CASE OF STUDENTS.—For purposes of subsection (a), in the case of any individual who is—
        (1) a * * * daughter * * *, and
        (2) a student, * * *
amounts received as scholarships for study at an educational institution * * * shall not be taken into account in determining whether such individual received more than half of his support from the taxpayer.
    Sec. 1.152–1, Income Tax Regs., amplifies this provision as follows:
    Sec. 1.152–1 *General definition of a dependent.*
    (c) * * * Amounts received as scholarships, as defined in paragraph (a) of § 1.117–3, for study at an educational institution shall not be considered in determining whether the taxpayer furnishes more than one-half the support of such individual. * * *