**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-21

UNITED STATES TAX COURT

DOUGLAS LEMARK BURSE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22756-12S.                    Filed March 10, 2014.

Douglas Lemark Burse, pro se.

<u>Lawrence D. Sledz</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's income tax for 2011 of $4,653.  The issues for decision are:

(1) Whether petitioner may claim a dependency exemption deduction, head of household filing status, and the earned income tax credit (EIC) in respect of T.R. for 2011.[2]  We hold that he may not; and

(2) whether petitioner may claim the American Opportunity Credit or another education credit for 2011.  We hold that he may not.

Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] For privacy reasons, the Court refers to minor children by their initials. See Rule 27(a)(3).

Petitioner resided in the State of Michigan at the time that the petition was filed.

Before 2011, the taxable year in issue, petitioner married Tara Riley Burse. Ms. Burse had a daughter, T.R., from a previous relationship, and petitioner is therefore T.R.'s stepfather. Petitioner and Ms. Burse were separated and lived apart throughout 2011 and filed separate tax returns for that year. However, at the time of trial they had reunited.

In 2011 petitioner was employed part time at a modest hourly rate at a local high school. He worked approximately 30 hours per week for the 9 or 10 months during the year that school was in session.

Throughout 2011 petitioner lived with his mother, as he was "on hard times". Petitioner tried to contribute to the cost of maintaining the household by paying the light bill or some monthly amount but was "short on it sometimes".

In 2011 T.R. was enrolled as a full-time student at Western Michigan University and lived on campus while attending school. T.R. financed her education with student loans. Any income that she may have earned was minimal. When T.R. was not at school, she generally stayed either with her mother or with petitioner at petitioner's mother's home.

Petitioner timely filed his Federal income tax return for 2011. On his return petitioner checked the box for head of household filing status, and he claimed a dependency exemption deduction, education credits, and the EIC in respect of T.R. Petitioner also claimed an American Opportunity Credit and another education credit on his return.

Respondent determined a deficiency in petitioner's income tax of $4,653 for 2011 on the basis of the following adjustments.

First, respondent determined that petitioner was not entitled to the dependency exemption deduction, head of household filing status, or the EIC in respect of T.R. for 2011. Second, respondent determined that petitioner was not entitled to either the American Opportunity Credit or another education credit for 2011.

Petitioner filed a timely petition for redetermination with the Court.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are in error. Rule 142(a); Welch v. Helvering,

290 U.S. 111, 115 (1933); cf. sec. 7491(a).[3]  Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed.  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

## II.  Dependency Exemption Deduction

In general a taxpayer may claim a dependency exemption deduction "for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year."  Sec. 151(a), (c).  As discussed in greater detail below, because petitioner has not demonstrated that T.R.'s parents (or T.R.'s mother and petitioner as her stepfather) provided over one-half of T.R.'s support for 2011, the special rule of section 152(e) does not apply.  See sec. 152(e)(1)(A).  We therefore consider whether T.R. was petitioner's "qualifying child" under section 152(c) or his "qualifying relative" under section 152(d) in 2011.

---

[3] Under sec. 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability and satisfies certain other requirements.  Petitioner did not allege that sec. 7491 applies, nor did he introduce the requisite evidence to invoke that section; therefore, the burden of proof remains on petitioner.

A.  Qualifying Child

Generally, a "qualifying child" must:  (1) bear a specified relationship to the taxpayer (e.g., be a child or stepchild of the taxpayer), (2) have the same principal place of abode as the taxpayer for more than one-half of such taxable year, (3) meet certain age requirements, (4) not have provided over one-half of such individual's support for the taxable year at issue; and (5) not have filed a joint return (other than a claim of refund).  Sec. 152(c)(1); see also sec. 1.151-3(a), Income Tax Regs.  All of these requirements must be satisfied; if any one is not, then the individual is not the taxpayer's qualifying child.

Much of the trial in the instant case focused on the support test.  In that regard, the evidence demonstrates that although T.R.'s income from employment was minimal at best, she received loans to finance her education.  Student loan proceeds count as support furnished by the student, and not a parent, if the student is obliged to repay the loan.[4]  McCauley v. Commissioner, 56 T.C. 48, 49 (1971); see also Williams v. Commissioner, T.C. Memo. 1994-63.  Therefore, the amounts that T.R. received as student loans are considered support that she provided for herself.

---

[4] There is nothing in the record to suggest that T.R. was not personally responsible for the repayment of her student loans.

Petitioner did not establish the total support that T.R. received during 2011, nor did he produce evidence of the amount of support that he provided to T.R. Therefore, the Court cannot conclude that T.R. did not provide over one-half of her own support for 2011.

In addition to the foregoing, petitioner did not prove that T.R. had the same principal place of abode as he for more than one-half of 2011. In that regard, the record simply demonstrates that when T.R. was not living on campus, she generally stayed with either her mother or with petitioner at his mother's home.

B. Qualifying Relative

We consider next whether T.R. was a qualifying relative of petitioner for 2011.

An individual who meets the four requirements in section 152(d)(1)(A)-(D) with respect to the taxpayer is a qualifying relative. The pertinent requirement here (given its emphasis at trial) is that the taxpayer must provide over one-half of the individual's support for the taxable year. Sec. 152(d)(1)(C). As discussed above, the record suggests that T.R. provided over one-half of her own support for 2011 because she was responsible for the repayment of her student loans. This necessarily precludes petitioner from having provided over one-half of T.R.'s support for that year. In any event, petitioner failed to prove that he provided over

one-half of T.R.'s support for 2011. Accordingly, T.R. is not petitioner's qualifying relative for 2011.

C. Conclusion

In sum, because T.R. is neither petitioner's qualifying child nor his qualifying relative, petitioner is not entitled to a dependency exemption deduction for T.R. for 2011. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

III. Head of Household Filing Status

Section 2(b) provides the definition of head of household. Generally, to qualify for head of household filing status, an individual must not be married at the close of the taxable year and must either "maintain[] as his home a household which constitutes for more than one-half of such taxable year the principal place of abode * * * of * * * a qualifying child of the individual * * * [or] any other person who is a dependent of the taxpayer". Sec. 2(b)(1)(A).

Although petitioner was not then living with his wife, he was married at the close of 2011.[5] In addition, we have already held that T.R. was not petitioner's qualifying child, and petitioner has not alleged, much less demonstrated, that there is any other person who is his dependent such that he would be entitled to a

_____

[5] The record in this case would not support a finding that petitioner should be treated as unmarried for 2011 pursuant to the provisions of sec. 7703(a)(2) or (b).

deduction for such person under section 151. See sec. 2(b)(1)(A)(ii). Finally, we note that although petitioner contributed, as best he could, to the cost of keeping up his mother's home, he did not prove that he paid more than one-half of the cost of maintaining the household. See sec. 1.2-2(d), Income Tax Regs. Accordingly, petitioner is not entitled to head of household filing status for 2011.

## IV. Earned Income Tax Credit

Taxpayers who qualify for the EIC generally fall into two categories; namely, those with one or more qualifying children and those with no qualifying children. See sec. 32(c)(1)(A)(i) and (ii). The EIC is more generous for those taxpayers having one or more qualifying children. See sec. 32(b).

For purposes of section 32, the term "qualifying child" generally means a qualifying child of the taxpayer as defined in section 152(c), determined without regard to the support test, who has the "same principal place of abode [within the United States] as the taxpayer for more than one-half of such taxable year". Sec. 32(c)(3)(A), (C). We have already found that petitioner did not prove that T.R. had the same principal place of abode as he for more than one-half of 2011. Therefore, petitioner is not entitled to an EIC based on a qualifying child.

In addition, whether or not a taxpayer has a qualifying child, an EIC is not allowed if a married person fails to file a joint return.[6]  Sec. 32(d); see sec. 32(c)(1)(A), (E)(ii).  Although petitioner was not then living with his wife, he was married in 2011.

In view of the foregoing, we hold that petitioner is not entitled to an earned income credit.

## V.  American Opportunity Credit and Other Education Credit

Section 25A allows several different education credits against tax for "qualified tuition and related expenses paid by the taxpayer during the taxable year".  See sec. 25A(b)(1)(A), (c)(1), (i)(1)(A).  Section 25A(f)(1)(A) defines the term "qualified tuition and related expenses" to include "tuition and fees" for the taxpayer, his spouse, or the "dependent of the taxpayer with respect to whom the taxpayer is allowed a deduction under section 151" at "an eligible educational institution for courses of instruction of such individual at such institution."  As discussed above, petitioner is not allowed a deduction under section 151 for T.R. for 2011 as she is not his dependent for that year.  Petitioner is therefore not

_____

[6] As previously noted, the record in this case would not support a finding that petitioner should be treated as unmarried for 2011 pursuant to the provisions of sec. 7703(a)(2) or (b).

entitled to either the American Opportunity Credit or the other education credit in dispute.

Conclusion

We have considered all of the arguments advanced by petitioner, and, to the extent not expressly addressed, we conclude that those arguments do not support any result contrary to those reached herein.

To reflect the foregoing,

Decision will be entered for

respondent.[7]

---

[7] The decision will reflect the so-called "frozen credit" that is described in the notice of deficiency as an "adjustments to prepayment credit" and that will serve to decrease the amount of the deficiency in tax to be paid by petitioner.