HAZEL NEWMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60421. Filed May 29, 1957.

*W. E. Parsons, Esq.*, for the petitioner.
*W. Ralph Musgrove, Esq.*, for the respondent.

OPINION.

RICE, *Judge:* This proceeding involves a deficiency in income tax determined against the petitioner for the year 1953 in the amount of $412.

The sole issue is whether petitioner was entitled to dependency credits for a niece and two nephews in computing her income tax liability for the year in issue.

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

In 1953, petitioner was a resident of Huntington, West Virginia. She filed her return for such year with the director of internal revenue at Parkersburg, West Virginia.

At some time prior to the year in issue, petitioner had placed her niece, Sandra Sue Hughes, in St. Vincent's Home for Girls, and had placed her two nephews, Roger Dale Hughes and Richard Lee Hughes, in St. John's Home. Both institutions were located in Wheeling, West Virginia. The niece and nephews resided in the homes during 1953.

Petitioner had an agreement with the two institutions whereby she was to pay $20 per month for the support of her niece and $15 per month for the support of both boys. The total sum of $35 per month which she was obligated to pay was less than one-half of the dollar value of the support provided by the institutions for the three children during 1953.

On her income tax return for such year, petitioner claimed dependency credits for her niece and two nephews. The respondent disallowed such credits on the ground that petitioner did not furnish over one-half of the support of the dependents claimed, as required by section 25 (b).[1]

Petitioner's argument, as we understand it, is that she should be entitled to dependency credits for the three children because she was

---

[1] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.

(b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—

(1) CREDITS.—There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income:

\* \* \* \* \* \* \*

(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, except that the exemption shall not be allowed in respect of a dependent who has made a joint return with his spouse under section 51 for the taxable year beginning in such calendar year.

\* \* \* \* \* \* \*

(3) DEFINITION OF DEPENDENT.—As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer:

\* \* \* \* \* \* \*

(F) a son or daughter of a brother or sister of the taxpayer,

able to secure a contract for their support at such institutions by obligating herself to pay the sum of $35 per month; that by reason of such contract the children were supported at such institutions; and that therefore the contract and the $35 a month she paid under it had the effect of furnishing 100 per cent of their cost of support under section 25 (b). However, she agrees that such sum was less than half the dollar value of the support furnished the children by the institutions in which they lived.

Her argument ignores the plain language of the statute. Aside from specific requirements as to affinity of relationship between the taxpayer and a claimed dependent, which is not in issue here, section 25 (b) allows a taxpayer a credit of $600 against net income for each dependent whose gross income is less than $600, if such dependent received *over half* of his support *from the taxpayer*.

The words of the statute mean precisely what they say, namely, that a taxpayer must contribute more than one-half of the dollar value of the support of the dependent for whom he claims a credit. The committee reports accompanying the Individual Income Tax Act of 1944, 58 Stat. 231, which rewrote section 25 (b) as it is applicable to the year in issue, leave no doubt that the test which Congress intended was that the taxpayer must show that he furnished over half of the dollar value of the claimed dependent's support. H. Rept. No. 1365, 78th Cong., 2d Sess. (1944), pp. 5 and 26; S. Rept. No. 885, 78th Cong., 2d Sess. (1944), pp. 6 and 29. The respondent's Regulations 118, section 39.25-2 (e), likewise provide:

(e) *Exemptions for dependents.* * * * Whether or not over half of a person's support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer shall be determined by reference to the amount of expense incurred by the taxpayer for such support.

The courts have also held on a number of occasions, that the statute requires "a test of *cost* of support." *Tressler* v. *Commissioner*, 206 F. 2d 538 (C. A. 4, 1953), affirming a Memorandum Opinion of this Court dated June 30, 1952; *Stokes* v. *Commissioner*, 197 F. 2d 518 (C. A. 5, 1952), affirming a Memorandum Opinion of this Court dated June 20, 1949; *John L. Donner, Sr.*, 25 T. C. 1043 (1956); *Allan Cunningham*, 22 T. C. 906 (1954); *Martha J. Blyth*, 21 T. C. 275 (1953); *Bennett H. Darmer*, 20 T. C. 822 (1953).

It was incumbent upon the petitioner to show that she did, in fact, furnish more than one-half of the dollar value of the support of the children during 1953. By stipulating that the amount of the payments for which she was obligated was less than half of such dollar value, she has obviously failed to carry her burden.

*Decision will be entered for the respondent.*