Loran F. Twohig and Lois Jean Twohig v. Commissioner.
Twohig v. Commissioner
Docket No. 62000.
United States Tax Court
T.C. Memo 1957-195; 1957 Tax Ct. Memo LEXIS 54; 16 T.C.M. (CCH) 886; T.C.M. (RIA) 57195; October 17, 1957
*54 Petitioner Loran F. Twohig made payments to his former wife of $8.50 per week for 9 months during 1952 and 1953 for the support of their son. The child lived with his mother for 9 months and with petitioner for 3 months. Petitioner bought clothing and toys for the child and paid certain medical expenses for him. Held, petitioner did not show that the amounts which he spent in support of his son were over half of the total amount spent for the child's support, and petitioner is therefore not entitled to claim a dependency credit for him. Lad V. Tesar, Esq., City National Bank Building, Omaha, Neb., for the petitioners. Emory L. Langdon, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding *55 involves the following deficiencies in income tax: Income Tax
Year
Deficiency
1952
$154.23
1953
155.40
The sole issue is whether petitioner Loran F. Twohig was entitled to a dependency credit for his son by a former marriage, in computing his income tax liability for each of the years in issue. Findings of Fact Loran F. Twohig (hereinafter referred to as the petitioner), and his present wife, Lois Jean Twohig, were residents of Omaha, Nebraska, during the years in issue. They filed joint income tax returns for such years with the director of internal revenue at Omaha. Petitioner had a son, Thomas Richard Twohig, by a previous marriage. During each of the years in issue, Thomas lived with his mother except for the months of June, July, and August. By court order, petitioner was required to, and did, pay to his former wife, $8.50 per week for the support of Thomas during the 9 months when Thomas lived with her. Petitioner made no support payments to his former wife during the three summer months when Thomas resided with him. In addition to the support payments, petitioner also provided Thomas with some of his clothing and shoes and paid certain medical *56 expenses for him. He also bought him toys, both during the summer months when Thomas lived with him and at other times during the year. On the joint returns which petitioner filed for each of the years in issue, he claimed Thomas as a dependent. The respondent disallowed the dependency credit so claimed. Opinion RICE, Judge: Petitioner appeared at the hearing of this case and both he and his present wife testified. He did not file a brief, however, and at the hearing his counsel stated that there was a "weakness in this case," in that the petitioner was unable to show the total amount which was spent by him and his former wife for the support of their son, Thomas, during each of the years in issue. Unfortunately for the petitioner, his failure to make such a showing is a fatal weakness to his case. Section 25(b) allows a taxpayer a credit of $600 for each dependent who received over half of his support from the taxpayer. Hazel Newman, 28 T.C. 550 (1957). Since petitioner was unable to show what amounts were spent by his former wife for Thomas's support during the years in issue, or even a reasonable approximation thereof, he obviously, on the facts of this record, *57 has failed to show that the amounts which he spent were over half of the total cost of Thomas's support. Decision will be entered for the respondent.