BETTY A. SHAPIRO, FORMERLY BETTY A. MELTZER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2396–69SC.   Filed February 24, 1970.

*Seymour Werber*, for the petitioner.
*Marvin A. Fein*, for the respondent.

[redacted]

**OPINION**

There is no dispute as to the basic facts. The controversy centers around the narrow legal question as to whether or not the total cost of Michael's support for 1966 includes the cost of sending him to Camp Wildwood.

Respondent strongly contends that the cost in sending Michael to the summer residential camp was not for the necessities of life and therefore should not be considered in determining the total cost of his support.

Since the term "support" is nowhere defined in the Internal Revenue Code, we must look to the regulations and decided cases to ascertain the meaning of "support" as used in section 152(a). Section 1.152–1(a)(2)(i), Income Tax Regs., provides: "The term 'support' *includes* food, shelter, clothing, medical and dental care, *education*, and *the like*." (Emphasis added.) The Internal Revenue Service has even indicated the "support" includes "expenditures for providing * * * recreation." See Your Federal Income Tax 22 (1970 ed). See also Form 2038, Information to Support Exemption Claimed for Dependent.

In our opinion the cost of sending a child to camp clearly comes within the rather expansive language of the regulations. We think such an expenditure qualifies as education, recreation, or the like. Webster's Third International Dictionary defines (1) "education" as "the act or process of providing with knowledge, skill, or competence, or * * * desirable qualities of behaviour or character" and (2) "recreation" as "a means of getting diversion or entertainment." There can be no doubt that Michael derived knowledge, skill, and competence from his experience at Camp Wildwood. And the camp was surely a means of entertainment and diversion from the humdrum tedium of urban life. The importance of camp to the physical and intellectual development of an 11-year-old boy, like Michael, living in an urban environment is patently evident.[2] *Mens sana in corpore sano.*

At trial, respondent's counsel made the following comments with respect to petitioner's expenditure of $916.66 in sending Michael to Camp Wildwood:

I well agree that this might be the manner in which a child in Great Neck is supposed to be supported, but for legal sake, the sake of this case, that it is not support of a child. That is a great luxury item I feel.

I can just look around the City of New York; there are children who don't even have food; they don't have housing; they don't have any of the bare necessities. It is preposterous to claim something like this.

While we commend counsel's compassion for the underprivileged children of New York City, we fail to see how their plight has any bearing on the resolution of the issue before us. Respondent's contention that "support" in this context should be limited to "necessities" is without merit. The term "necessities" is a relative one which depends on the facts of any given situation. The question of what things are to be regarded as "necessities," customarily considered to be factual, generally depends on the particular facts and circumstances of each case, such as health, financial resources, and *station in life* of the child and parent. In applying the term to the facts of this case, we conclude that the cost of sending a child to camp may well be considered a necessity.

We completely disagree with respondent that "Support has been defined by courts as necessities." We realize, however, that there is some authority for this proposition. See *Flowers* v. *United States*, an unreported opinion (W.D. Pa. 1957, 52 A.F.T.R. 1383, 57–1 U.S.T.C. par. 9655), relying on *Sid Dyer*, T.C. Memo. 1955–168. We do not regard either of these cases as persuasive authority. The better principle of law, we think, is contained in the reported opinions of

---

[2] The cost of camp has been considered, without discussion, as an item of support in prior opinions. See *Raymond M. McKay*, 34 T.C. 1080, day camp; *Lyta J. Morris*, T.C. Memo. 1966–245; *Lottie M. Henderson*, a Memorandum Opinion of this Court dated June 8, 1953; *Joyce T. Haft*, T.C. Memo. 1970–38.

this Court which have repeatedly and consistently repudiated the rationale of the *Sid Dyer* case restricting the meaning of support to necessities. For example, in *Raymond M. McKay*, 34 T.C. 1080, 1084 (1960), we expressly rejected the argument "that only necessities are to be taken into consideration in determining what constitutes support furnished for a dependent," holding that the expenses incurred for singing and dramatic lessons supplied the taxpayer's minor daughter constituted part of her support. In so holding, we said: "nothing in either the precise wording of section 152(a) or its legislative history * * * [convinces] us that the term 'support' as used therein should be limited to payments which a court could require parents to make as part of their common law or statutory duty to provide for their children."

Such language makes it clear that the meaning of "support" under section 152(a) is *not* restricted to necessities. This principle stems from our opinions in *Bernard C. Rivers*, 33 T.C. 935 (1960), holding that the cost of tuition in a parochial school is includable as an element of support, even though public schools were available; and *Martha J. Blyth*, 21 T.C. 275 (1953), holding that the cost of tuition at a private school constitutes an item of support. And just recently we reaffirmed what we said in *McKay* in *Rose D. Seraydar*, 50 T.C. 756, 761 (1968).

The real gravamen of respondent's argument herein does not seem to be so much the inclusion of camp as an item of support, but rather the inclusion of the particular amount ($916.66) as being *unreasonable*. It is, however, well settled that the exemption for a dependent does not depend upon the reasonableness of the amounts expended for support, or upon a comparison of what different parents may spend for the support of a child, but whether such dependent received over one-half of his actual support from the taxpayer. *Warren C. Mawhinny*, 43 T.C. 443 (1965), affd. 355 F. 2d 462 (C.A. 3, 1966); *Hazel Newman*, 28 T.C. 550 (1957). See generally 5 Mertens, Law of Federal Income Taxation, sec. 32.14d, p. 69.

For these reasons we have included the cost petitioner incurred in sending Michael to Camp Wildwood as part of the total cost of his support in 1966. The fact that petitioner paid $499.66 of such cost in 1967 is immaterial, since "The year in which the item of support was furnished is controlling in determining the year in which the value of that support shall be included." *Rose D. Seraydar, supra* at 761. We therefore hold that the entire amount of $916.66 incurred in sending Michael to camp is includable as an item of his support for the year 1966. Accordingly, we conclude that petitioner provided more than one-half of Michael's total support in 1966 and is entitled to the claimed dependency exemption.

To reflect minor concessions made by the petitioner,

*Decision will be entered under Rule 50.*