Ian L. Brown and Eileen M. Brown v. Commissioner.
Brown v. Commissioner
Docket No. 2955-68.
United States Tax Court
T.C. Memo 1970-156; 1970 Tax Ct. Memo LEXIS 203; 29 T.C.M. (CCH) 676; T.C.M. (RIA) 70156; June 16, 1970, Filed *203 Held: Petitioners have failed to prove that they provided more than one-half of the support of Ian's two minor children in 1966, and, therefore, are exemptions. Secs. 151(a), 151(e), and 152(a), I.R.C. 1954. Ian L. Brown and Eileen M. Brown pro se, 2030 & 3/4 Rodney Dr., Los Angeles, Calif.Harold W. Vestermark, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year *204 1966 in the amount of $264. The only question presented is whether petitioners are entitled to deductions in 1966 for personal exemptions for Ian's two 677 minor children, Albert Ian and Bonnie Mae, as dependents under sections 151(a), 151(e), and 152(a), I.R.C. 1954. Findings of Fact Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits thereto are incorporated herein by reference. Only the relevant facts are set forth below. Petitioners Ian L. Brown and Eileen M. Brown filed a joint Federal income tax return for the taxable year 1966 with the district director of internal revenue at Los Angeles, California. At the time of the filing of the petition herein, petitioners had their legal residence in Los Angeles, California. Prior to 1961, Ian L. Brown (hereinafter referred to as Ian) was married to Donna Mae Brown (hereinafter referred to as Donna Mae). Two children were born of this marriage, Albert Ian Brown, born June 14, 1952, and Bonnie Mae Brown, born October 3, 1954. On March 8, 1961, the Superior Court of the State of California in and for the County of San Diego entered an interlocutory judgment of divorce on the *205 complaint of Donna Mae against Ian. This judgment provided that Ian should pay to Donna Mae the sum of $15 per week per child, or a total of $30, for the support and maintenance of the minor children of the parties. The order further provided that neither party should remove the minor children of the parties from the State of California without the written consent of the other party or until further notice of the court. It provided that Donna Mae was awarded the care, custody, and control of the minor children with visitation rights provided for Ian. On August 29, 1962, the Superior Court of the State of California in and for the County of San Diego entered a final judgment of divorce in the action brought by Donna Mae against Ian seeking a divorce. Under date of December 17, 1964, a criminal complaint was filed against Ian upon the certification of Donna Mae as complainant stating that Ian had omitted and failed to provide the necessary food, clothing, and medical attention for his minor children, Bonnie Mae and Albert Ian. On December 3, 1965, the court entered an order in the case of the criminal complaint against Ian "admitting defendant to probation" for a period of three *206 years. This order stated that Ian had been found guilty of nonsupport, which was a misdemeanor, and that he must pay $100 per month as child support for his minor children. During 1966 Bonnie Mae and Albert Ian resided with their mother, Donna Mae, in California. These children did not reside with Ian at any time during that year. During the year 1966 Ian made payments through the Adult Probation Department of the County of San Mateo, California, to Donna Mae for the support of Albert Ian and Bonnie Mae in a total amount of $1,100. These were the only payments made by Ian to Donna Mae during that year. Also during 1966 Donna Mae received net earnings from employment in the minimum amount of $409.41. Also during 1966 Donna Mae received monthly payments in the aggregate amount of $1,756.35 from the County of San Mateo, California, under the "Aid to Families with Dependent Children" and general assistance programs. Each monthly payment was for the benefit of the entire family unit consisting of Donna Mae and the two afore-mentioned children, in accordance with a monthly budget prepared by the ADC. Under the monthly budgets used to determine family needs during 1966 and fix the *207 monthly payments within permissible limits, $193 was designated for child care while Donna Mae was working, as special needs of the family. The following special needs were also designated in the monthly budgets: $75 for a washing machine; $107.08, special educational allowance; and $128.27 for Donna Mae's rehabilitation transportation. These special needs were added to the family group allowance to establish total needs, and as already found, ADC payments to Donna Mae for the family group totaled $1,756.35 for the year 1966, based upon these budgets. A statutory notice of deficiency was mailed to the petitioners, Ian L. Brown and Eileen M. Brown, on March 29, 1968, for the taxable year 1966. Respondent disallowed petitioners' deduction of dependency exemptions for Albert Ian and Bonnie Mae. Opinion The question presented for our decision is whether the petitioners are entitled to deductions in 1966 for personal exemptions for Ian's two minor children, Albert Ian and Bonnie Mae, as dependents under 678 sections 151(a) and (e)(1). [1] These two children lived with their mother, Donna Mae, and did not at any time reside with petitioners during the year in issue. *208 Section 152(a) included in its definition of "dependent" a son, daughter, stepson, or stepdaughter of the taxpayer over half of whose support was received from the taxpayer. The burden of proof is on the petitioners to prove not only their own expenditures in support of each child, but also that those amounts exceeded one-half of the total support provided in each instance. Aaron F. Vance, 36 T.C. 547 (1961); Bernard C. Rivers, 33 T.C. 935 (1960). Although petitioners need not conclusively prove the exact or precise total cost of the support for each child, they must provide us with convincing evidence establishing that the amounts they provided exceeded one-half of the total support. James E. Stafford, 46 T.C. 515 (1966). Petitioners first argue that they are not required to prove that Ian provided more than half of his two children's support, but that he is entitled to the exemptions in question merely because he was required by California law to contribute toward the support of his children. We must reject this argument, just as we rejected it in a previous case brought before this Court by these petitioners.[2] Petitioners' argument *209 ignores the plain language of the statute. A similar argument was rejected in Hazel Newman, 28 T.C. 550 (1957) wherein we stated (28 T.C. at 552): "The words of the statute mean precisely what they say, namely, that a taxpayer must contribute more than one half of the dollar value of the support of the dependent for whom he claims * * * [an exemption]." Tax deductions are a matter of legislative grace and the taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms. Commissioner v. Sullivan, 356 U.S. 27 (1958). We find that petitioners have failed to carry their burden of proving that the $1,100 which Ian contributed toward the support of his two minor children represented more than half of their total support in 1966. At the trial, Ian frankly admitted that he had no way of knowing what amounts were actually expended for the support of these children. Furthermore, petitioners did not present any evidence from which we could reasonably estimate, even approximately, the total *210 amount of support which was actually provided to them. In addition to the $1,100 contributed by Ian during the taxable year in issue, Donna Mae received $1,756.35 in welfare payments and earned a minimum of $409.41. In view of the fact that the amount of the welfare payments was determined on the basis of the needs of Donna Mae and the two children, and was intended to supplement the amounts she earned and received from Ian, it is quite probable that Donna Mae spent most of the above amounts for the support of herself and the two children. However, even assuming arguendo that we could approximate the total amount which was spent or otherwise provided for the support of Donna Mae and the two children as a family unit, there is no basis in the record upon which we could reasonably estimate the total support provided for the two children alone. We see nothing in Rev. Rul. 64-222, 1964-2 C.B. 47 that would suggest a different approach or contrary result. Petitioners suggest that if the welfare payments are reduced by expenses shown by the budgets to be other than or support of the children and then the remainder is divided among Donna Mae, Albert Ian and Bonnie Mae equally, *211 this would establish total support for the children and that their $1,100 contribution was more than one-half thereof. We reject this approach because it has not been established that the ADC funds were actually expended in accordance with the budgets fixing monthly allowances nor is it clear that some of the expenses allowed by the ADC budgets for special needs were not, at least partially, for the use and benefit of the children and thus should be properly considered as part of child support. However, even if we were to follow petitioners' suggested approach and then arbitrarily conclude that the remainder and Donna Mae's earnings (which must be added) were divided equally among Donna Mae, Albert Ian and Bonnie Mae, petitioners would still fail to carry their burden of proving that they contributed more than one-half of either child's total support. The children's shares of the ADC payments, reduced by special needs which 679 cannot be considered part of child support, and Donna Mae's earnings in 1966 would still be in excess of the amounts contributed by petitioners. We must conclude and hold that petitioners are not entitled to a deduction for a dependency exemption for either *212 of Ian's minor children in the year 1966. They have failed to prove either total support for the children in that year or that their contribution in 1966 theretof exceeded one-half of total support. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Ian L. Brown, T.C. Memo. 1968-121, affd. 24 AFTR 69↩-5789 (C.A. 9, 1969).