EDWIN R. TAITT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent MIRIAM S. TAITT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taitt v. Commissioner
Docket Nos. 6754-76, 8700-76.
United States Tax Court
T.C. Memo 1978-264; 1978 Tax Ct. Memo LEXIS 248; 37 T.C.M. (CCH) 1140; T.C.M. (RIA) 78264; July 19, 1978, Filed *248 H and W were divorced in 1970. In 1972, both claimed dependency deductions for their two children, who were in the custody of W. In that year, H furnished over $ 1,200 in support of the children. Held, W failed to prove that she provided more support for the children than did H; therefore, H, not W, is entitled to claim the dependency deductions. Sec. 152(e)(2)(B), I.R.C. 1954. Edwin R. Taitt, pro se in docket No. 6754-76. Miriam S. Taitt, pro se in docket No. 8700-76. Ellis L. Reemer, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes for 1972 as follows: Docket No.
Petitioner
Deficiency
6754-76
Edwin R. Taitt
$ 437.58
8700-76
Miriam S. Taitt
415.34
One issue raised by the deficiency notices has been conceded by the Commissioner; the only issue remaining for decision is whether Edwin R. Taitt or Miriam S. Taitt, who were then divorced, is entitled to claim dependency deductions in 1972 for their two children. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Edwin R. Taitt, the petitioner in docket No. 6754-76, maintained his legal *249 residence in New York, N. Y., at the time his petition was filed in this case. He filed his individual Federal income tax return for the year 1972 using the cash method of accounting. Miriam S. Taitt, the petitioner in docket No. 8700-76, maintained her legal residence in Elmhurst, N. Y., at the time her petition was filed in this case. She filed her individual Federal income tax return for the year 1972 using the cash method of accounting. Mr. and Mrs. Taitt were husband and wife prior to September 29, 1970. Two children, Gregory and Philip, were born of this marriage and resided with them at 23-35 99th Street, Elmhurst, N. Y. (the Elmhurst residence). By order of the Supreme Court of Queens County, N# Y., Mrs. Taitt obtained a decree of divorce from Mr. Taitt on September 29, 1970. The decree awarded Mrs. Taitt sole custody of her sons and ordered Mr. Taitt to pay for the support, maintenance, and education of Gregory and Philip the sum of $ 40 per week for each child, a total of $ 4,160 per year. The divorce decree also awarded Mrs. Taitt the sole and exclusive possession of the Elmhurst residence until both sons reached the age of 21. After the decree was entered and including *250 the taxable year 1972, Mr. and Mrs. Taitt maintained separate residences. During 1972, Gregory and Philip resided with their mother at the Elmhurst residence. Mrs. Taitt's mother, Mrs. Lillian Joseph, also resided with them. During that year, Philip was 15 years old and Gregory was 19 years old and a full-time student at the City College of New York. During the taxable year 1972, Mr. Taitt contributed the following amounts to the support of the children: Item
Total
Gregory
Philip
Child support pay-
ments made to Mrs.
Taitt pursuant to
divirce decree
$ 3,238.00
1,619.00
$ 1,619.00
Dentist bill
30.00
15.00
15.00
Health insurance
premium
22.52
11.26
11.26
Food during 6 days
in Florida (at $ 8
per day)
48.00
24.00
24.00
Total
$ 3,338.52
$ 1,669.26
$ 1,669.26
Mr. Taitt also maintained a homeowner's insurance policy on the Elmhurst residence, for which he paid premiums of $ 102 in 1972. In addition, he took his sons and three other persons on a trip to Florida and Nassau during July and August 1972. The cost of the trip allocable to the children is not ascertainable, except for their expenses for food while in Florida. During the taxable year 1972, Mrs. Taitt expended the following amounts for the support of *251 her children: Item
Total
Gregory
Philip
Fair rental value of
lodging furnished
$ 3,360.00
$ 840.00
$ 840.00
Electricity
208.26
52.07
52.07
Gas
354.28
88.57
88.57
Telephone
96.14
24.04
24.04
F ood
2,600.00
650.00
650.00
Milk
25.60
6.40
6.40
Clothing
103.72
51.86
51.86
Cleaning
6.00
3.00
3.00
Automobile
300.00
300.00
Auto insurance
142.14
142.14
Parking violations
70.00
70.00
Department of Motor
Vehicles
5.00
5.00
Allowances
780.00
520.00
260.00
Books/school rings
52.94
26.47
26.47
Total
$ 8,104.08
$ 2,779.55
$ 2,002.41
During 1972, Mrs. Taitt paid premiums of $ 192.00 for life insurance policies on the lives of Gregory and Philip Taitt and $ 1,758.48 on a mortgage on the Elmhurst residence. She also paid $ 21.00 to the August Martin High School PTA to purchase items to be sold by the children in fund-raising activities; the proceeds of these sales were returned to Mrs. Taitt. Another $ 15.00 was paid by her to the Administration Adjustification Bureau. Gregory Taitt had a job during the summer of 1972 and earned approximately $ 200. Philip Taitt was not employed at all during u972. All of Philip's support was provided by Mr. and Mrs. Taitt, and all of Gregory's support, except for the $ 200, was provided by Mr. and Mrs. Taitt. For the taxable *252 year 1972, Mr. Taitt claimed dependency deductions for his sons Gregory and Philip, and for that year, Mrs. Taitt also claimed dependency deductions for her sons Gregory and Philip. The Commissioner disallowed the dependency deductions for the two sons claimed by each of the petitioners. OPINION The sole issue presented for decision is whether Mr. Taitt or Mrs. Taitt is entitled to dependency deductions for their sons, Gregory and Philip. Section 151(e)(1)(B) of the Internal Revenue Code of 1954[1] permits a taxpayer to claim a dependency deduction for each dependent who is a child of the taxpayer and is under the age of 19 or is a student. Section 152(a) provides, as a general rule, that a child is a dependent of the taxpayer if the taxpayer furnishes more than one-half of the support of the child during the year, but section 152(e) establishes special rules for determining who is entitled to a dependency deduction for a child when his parents are divorced. Under section 152(e)(1), a child who receives half of his support from divorced parents and is in the custody of either or both parents for more than half the year is treated as receiving over half his support from the custodial *253 parent and is a dependent of such parent. However, under section 152(e)(2)(B), the non-custodial parent is treated as furnishing over one-half of the support of a child if such parent provides $ 1,200 or more for the support of such child (or $ 1,200 for all such children) [2] and if the custodial parent fails clearly to establish that he provided more support for such child than did the noncustodial parent. It is clear that both Gregory and Philip received over half of their support from their parents during 1972, and that both were in the custody of Mrs. Taitt for the entire year. It is also clear that Mr. Taitt furnished at least $ 3,058 of support in the taxable year 1972, an amount well in excess of the $ 1,200 referred to in section 152(e)(2)(B). Thus, under such provision, the burden of proof shifted to the *254 custodial parent, Mrs. Taitt; in order for her to be entitled to the deductions, she must prove that she furnished more support than Mr. Taitt. Moreover, she must prove such fact by a clear preponderance of the evidence, a standard of proof higher than that which is normally required. In Labay v. Commissioner,55 T.C. 6, 13 (1970), affd. per curiam 450 F. 2d 280 (5th Cir. 1971), we interpreted such standard and said, "A 'clear preponderance' of the evidence means something more positive and explicit, as opposed to inferences to be drawn from ambiguous and equivocal proof." When we consider the evidence presented by Mrs. Taitt, we conclude that she has not established, with clear and positive proof, that her support of the children exceeded the support provided by Mr. Taitt. In determining the support furnished by Mrs. Taitt, [3] we have allowed many of the items claimed by her. We have given her credit for furnishing lodging for the children. By the divorce decree, she was awarded sole and exclusive possession of the house until the children reached the age of 21, and she actually occupied it during 1972. Accordingly, since the house was for her use and benefit, she is considered *255 to have furnished lodging. Bruner v. Commissioner,39 T.C. 534 (1962); Wood v. United States,287 F. Supp. 90, 92 (D. Ore. 1968). The amount of lodging thus furnished is measured by the fair rental value of the house. Haynes v. Commissioner,23 T.C. 1046, 1047 (1955); Blarek v. Commissioner,23 T.C. 1037, 1039 (1955). Such value has been found to be $ 3,360 per year, and since four persons resided in the house, one-quarter of such amount, or $ 840, is considered support furnished by her to each son. We have also included *256 as support Mrs. Taitt's expenses for food, although unaccompanied by check or receipt, since such expenditures are frequently cash outlays and since the amount thereof seems reasonable. One-quarter of this amount, or $ 650.00, is allocable to each son as support. Other household expenses--specifically, gas, electricity, telephone, and milk--are clearly substantiated by testimony and checks in payment thereof; one-quarter of them is to be included in the support of each child. Mrs. Taitt also presented checks which evidence payment to various businesses and organizations and explained that they were for her children's clothing, cleaning, books, automobile insurance, and similar items. Her evidence clearly indicates that such expenses were actually incurred by her and were in support of her sons. Moreover, her testimony concerning the expenditures for allowances and her son's automobile was credible and established the amount of support which these items represented. Mrs. Taitt has thus proven that she spent $ 2,779.55 in support of Gregory and $ 2,002.41 in support of Philip. To determine whether Mrs. Taitt has proven by a clear preponderance of the evidence that she furnished *257 more support than Mr. Taitt, we must compare her expenditures with those made by Mr. Taitt. In addition to $ 3,058 in support payments to which the parties stipulated, Mr. Taitt presented evidence of another check, for $ 180, which was marked for child support and endorsed by Mrs. Taitt. Since we have accepted his testimony concerning the amount and purpose of the check, we have included it as a support payment received by Mrs. Taitt; she thus received $ 3,238, or $ 1,619 per child, as support payments from Mr. Taitt. For the purpose of applying the rules of section 152(e), such section provides in part that "amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support." Thus, Mrs. Taitt's contribution to her children's support is the excess of the total amount of support over the amount furnished by Mr. Taitt, the noncustodial parent. Sec. 1.152-4(d)(4), Income Tax Regs. Accordingly, the amount furnished by Mrs. Taitt to Gregory is the amount she expended, $ 2,779.55, less the $ 1,619.00 received from Mr. Taitt, or $ 1,160.55. The support she furnished Philip *258 equals her expenditure of $ 2,002.41 less Mr. Taitt's contribution of $ 1,619.00, or $ 383.41. In addition, Mr. Taitt provided medical insurance for his sons, and the payment of premiums thereon clearly constitutes support. Mawhinney v. Commissioner,43 T.C. 443, 445 (1965), affd. per curiam 355 F. 2d 462 (3d Cir. 1966). As the policy covered Mr. Taitt and his two sons, one third of the premium of $ 33.79, or $ 11.26, is considered support of each son. Mr. Taitt's payment of a $ 30.00 bill for his sons' dental care is another medical expense which qualifies as support. The amount spent for his children's food while they were in Florida is also included as support furnished by Mr. Taitt, with $ 24.00 [4] *259 allocable to each son. Thus, Mr. Taitt contributed a total of $ 3,338.52, or $ 1,669.26 for each son. Mrs. Taitt, as custodial parent, has not proven by the standard of proof required in this case that she provided more support for the children than did Mr. Taitt. Consequently, Mr. Taitt is entitled to claim the dependency deductions for his two sons for 1972. Some of the items claimed by Mr. and Mrs. Taitt do not constitute support. Mrs. Taitt's purchase of life insurance for her children does not constitute support. Cramer v. Commissioner,55 T.C. 1125, 1129 (1971); Vance v. Commissioner,36 T.C. 547, 550 (1961). Nor does her payment of the mortgage qualify as support; the fair rental value of the property, rather than the mortgage payments, measures the value of the lodging furnished to the children. Similarly, we have not allowed certain checks to the PTA because they were used to purchase certain items which were later sold by the children, and it is not clear to what extent she was reimbursed out of the proceeds of the sales. Additionally, Mrs. Taitt testified that she spent extra money on entertainment, travel, schoolbooks, and clothing for her children; however, she gave no testimony concerning the cost of these items and provided no other evidence of their value. Such evidence *260 as she presented does not satisfy the standard of proof required of the custodial parent; therefore, we cannot include these items in our calculation of support provided by Mrs. Taitt. Mr. Taitt also made certain expenditures which do not qualify as items in support of his children. His payment of the premiums for home insurance cannot be classified as support; the cost of home insurance is included in determining the fair rental value of the house and does not constitute a separate item of support. Finally, we have not included the value of the vacation as support furnished by the noncustodial parent. Mr. Taitt's testimony of the value and cost of the trip was vague and ambiguous; he did not recall how much he paid for the entire trip or how much he paid for his sons' portion of the trip. Decision will be entered for the petitioner in docket No. 6754-76. Decision will be entered under Rule 155 in docket No. 8700-76. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year at issue. ↩
2. Sec. 152(e) was amended in 1976 by the Tax Reform Act of 1976 (Pub. L. 94-455), 90 Stat. 1932, to provide that the noncustodial parent must contribute at least $ 1,200 for each↩ of the children (in addition to the other requirements) if he is to receive the deduction.
3. "Support" is defined by sec. 1.152-1(a)(2)(i), Income Tax Regs., as follows: The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value. Turecamo v. Commissioner,554 F. 2d 564, 569 (2d Cir. 1977), affg. 64 T.C. 720 (1975); Shapiro v. Commissioner,54 T.C. 347, 348 (1970); Horne v. Commissioner,52 T.C. 572, 574↩ (1969).
4. The record indicates that Mr. Taitt spent $ 8 per day for food for the children, but is unclear as to whether he paid such amount for both children or for each child. Mr. Taitt's testimony on this point was ambiguous and uncorroborated by other evidence; thus, we have included $ 8 per day for both children, or $ 4 per child, as support furnished by Mr. Taitt on this trip.