MARY H. CLARK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket No. 10703-80.
United States Tax Court
T.C. Memo 1981-102; 1981 Tax Ct. Memo LEXIS 642; 41 T.C.M. (CCH) 1049; T.C.M. (RIA) 81102; March 4, 1981. Mary H. Clark, pro se. Elizabeth DePriest, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling to respondent's motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*644 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment filed on December 17, 1980, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on June 13, 1980, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1976 in the amount of $ 623.66. [3] The sole issue for decision is whether petitioner was entitled to claim dependency exemptions for her four daughters for the taxable year in issue. FINDINGS OF FACT All of the facts have been stipulated. Petitioner resided at 6013 Springhill Drive, Greenbelt, Maryland, on the date the petition herein was filed. She timely filed her 1976 Federal income tax return with the office of the Director of the Internal Revenue *645 Service Center at Philadelphia, Pennsylvania. On that return she claimed exemptions for Elizabeth, Susan, and Laura (minor daughters) and for Catherine (an adult daughter). Petitioner and her former husband, Franklin M. Clark (Franklin) lived separate and apart in calendar year 1976. Their divorce decree was filed in December 1976 and became final in January 1977. Throughout 1976 petitioner had custody of Elizabeth, Susan, and Laura. Catherine, who was 21 years of age in 1976, and not a student at an educational institution, lived with petitioner for five months during that year. She worked full time for five months in 1976, taking home $ 70 per week in earnings. Her gross earnings in 1976 were in excess of $ 1,400. During the months that Catherine resided with petitioner she contributed $ 10 per week to the household. For seven months in 1976 Catherine shared an apartment with two friends, one of whom contributed to her support, including her $ 100 per month share of the rent. The following schedule, as stipulated to by the parties, shows the total support provided to the four children in 1976 and that provided by petitioner and Franklin: Elizabeth
Susan
Laura
Catherine
Clothing
$ 600.00
$ 600.00
$ 600.00
$
Education
50.00
50.00
50.00
Doctors
25.00
885.00
40.00
Travel
120.00
120.00
120.00
120.00
Recreation
35.00
35.00
35.00
Miscellaneous
120.00
120.00
120.00
120.00
Laundry
20.00
20.00
20.00
20.00
Household expenses
(five months)
596.06
596.06
596.06
596.06
Household expenses
(seven months)
1,028.92
1,028.92
1,028.92
Total Support
$ 2,594.98
$ 3,454.98
$ 2,609.98
$ 856.06
Franklin's Support
1,738.00
2,593.00
2,404.00
Petitioner's Support
$ 856.98
$ 861.98
$ 205.98
$ 856.06
*646 OPINION We shall first consider the exemption claimed for petitioner's adult daughter Catherine. Section 151(e) [4] provides that a taxpayer is entitled to an exemption for each dependent (as defined in section 152), who either earns less than $ 750 during the taxable year, or who is a child of the taxpayer and under the age of 19, or is a student. To be a dependent under section 152 an individual must actually receive over one-half of her support for the taxable year from the taxpayer (here petitioner). Here, Catherine, who was 21 years of age and not a student during 1976, received gross earnings in excess of $ 1,400 during that year. [5] Moreover, the record is clear beyond doubt that more than 50 percent of Catherine's support in 1976 was provided by her and a friend. Hence, petitioner was not entitled to claim an exemption for Catherine for 1976. Next, we address the exemptions claimed by petitioner for her minor daughters in 1976. Subsection (e) of section 152 establishes *647 special rules for determining which of divorced a parents is entitled to a deduction. Under section 152(e)(1), if a child receives over half of her support from one or both parents for more than half the calendar year, the custodial parent--here petitioner--is deemed to have contributed over half of the child's support. However, section 152(e)(2) provides two exceptions permitting the noncustodial parent--here Franklin--to be regarded as having provided over half the child's support. One of these exceptions, section 152(e)(2)(B), which is pertinent to this case provides: (2) SPECIAL RULE.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (B)(i) the parent not having custody provides $ 1,200 or more for the support of such child (or if there is more than one such child, $ 1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, *648 amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. [6]
"Support" is defined by section 1.152-1(a)(2)(i), Income Tax Regs., as follows: The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value. Turecamo v. Commissioner,554 F.2d 564, 569 (2d Cir. 1977), affg. 64 T.C. 720 (1975); Shapiro v. Commissioner,54 T.C. 347, 348 (1970); *649 Horne v. Commissioner,52 T.C. 572, 574 (1969). Since Franklin provided more than $ 1,200 for the support of the three minor children in 1976, he meets the requirements of section 152(e)(2)(B)(i) and, as the parent not having custody of the children, is entitled to the exemptions if petitioner, the parent having custody of the children, does not "clearly establish" that she provided a greater amount for child support. Section 152(e)(2)(B) creates a presumption in favor of the parent not having custody and shifts the burden to the parent having custody to "cleary establish" that she provided more child support than the noncustodial parent. See Taitt v. Commissioner,T.C. Memo. 1978-264. The "clearly establish" language in the statute means that the custodial parent must show by a clear preponderance of the evidence that she provided a greater amount of support than the noncustodial parent. Labay v. Commissioner,55 T.C. 6 (1970), affd. per curiam 450 F.2d 280 (5th Cir. 1971); [7]section 1.152-4(d)(3), Income Tax Regs. Proof of such fact by a clear preponderance of the evidence requires a "standard of proof higher *650 than that which is normally required." Taitt v. Commissioner,supra.
The record herein discloses without equivocation that petitioner has not and cannot meet the burden imposed by the statute, regulations, and cases and we see no reason to further belabor the point in this opinion. Thus, respondent's determination respecting the three minor children must be sustained. Petitioner, who appeared at the hearing, impressed us as a candid and forthright person. In our view, her "basic disagreement is with the law as it is stated, and interpreted, in regard to divorced and separated parents." However, the Tax Court has only the limited jurisdiction conferred upon it by statute. See Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971); sections 7441 and 7442. While we are sympathetic to petitioner's plight, we cannot provide her with the equitable relief she seeks. Feistman v. Commissioner,587 F.2d 941 (9th Cir. 1978). In Hays Corporation v. Commissioner,40 T.C. 436, 442-443 (1963), affd. 331 F.2d 422 (7th Cir. 1964), *651 we stated: Petitioner argues that such a result would be inequitable as to it. Such an argument cannot be considered by us, however, as we do not have the jurisdiction of a court of equity. Commissioner v. Gooch Co.,320 U.S. 418 (1943); Lorain Avenue Clinic,,31 T.C. 141 (1958). "The Internal Revenue Code, not general equitable principles, is the mainspring of [our] jurisdiction." Commissioner v. Gooch Co.,supra at 422. The proper place for a consideration of petitioner's complaint is the halls of Congress, not here. [Emphasis added.] Rule 121(b) provides that a motion for summary judgment shall be granted if the "pleadings * * * and any other acceptable materials * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." On the basis of this record, respondent has demonstrated to our satisfaction that there is no genuine issue as to any material fact present herein and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's motion for *652 summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were heard in oral argument at Washington, D.C., on February 25, 1981.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner has stipulated that the computation of the general tax credit for the year at issue should be based on two percent of her adjusted gross income as reflected in explanation 9(a) of the notice of deficiency.↩
4. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
5. See and compare Alo v. Commissioner,T.C. Memo. 1976-397↩.
6. Section 152(e)(2)(B) was amended by section 2139(a) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1932, to provide that the noncustodial parent must contribute at least $ 1,200 for each↩ of the children, in addition to satisfying the other requirements, in order to receive the deduction. The amendment is effective for taxable years beginning after October 4, 1976.
7. See also Saubert v. Commissioner,T.C. Memo. 1973-11↩.